**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| THE NATIONAL BEN GAMLA JEWISH CHARTER SCHOOL FOUNDATION, INC., *et al.*, | |
| *Plaintiffs*, | |
| v. | Case No. 5:26-cv-00582-R |
| GENTNER DRUMMOND, in his official capacity as Attorney General of Oklahoma, *et al.*, | |
| *Defendants*. | |

**<u>ANSWER</u>**

Pursuant to Federal Rule of Civil Procedure 12, Defendants Brian T. Shellem, Amber Hidy, Britni Tomcho, Damon Gardenhire, David Rutkauskas, Dr. Kitty Campbell, Jared Buswell, Lindel Fields, and William Pearson (collectively, "Board Defendants"), all in their official capacities, submit the following Answer. *See* ECF No. 1.[1]

**INTRODUCTION**

1.     Admitted with the clarification that Okla. Stat. tit. 70 §§ 3-130–3-167 comprises the Oklahoma Charter Schools Act.

2.     Admitted that charter schools have a variety of focus areas, including science, fine arts, language immersion, cultural awareness, or classical education. Admitted that the Comanche Academy Charter School is tribally-authorized by an Act of

---

[1] Board Defendants include Plaintiffs' Complaint headings as a helpful reference for this Court. These headings are not factual allegations to which any response is required.

the Comanche Nation of Oklahoma.  The remaining language in this paragraph is a characterization of Plaintiffs' position to which no response is required.  To the extent a response is required, admitted.

3.    Admitted that Okla. Stat. tit.  70, § 3-136(A)(2) requires that a charter school be "nonsectarian in its programs, admission policies, employment practices, and all other operations" and that a charter school may not be authorized if it is "affiliated with a nonpublic sectarian school or religious institution."  The remaining language in this paragraph is a characterization of Plaintiffs' position to which no response is required.  To the extent a response is required, admitted.

4.    The allegation in this paragraph contains Plaintiffs' conclusions of law, to which no response is required.  To the extent a response is required, admitted.

5.    The allegation in this paragraph contains Plaintiffs' conclusions of law, to which no response is required.  To the extent a response is required, admitted.

6.    The allegation in this paragraph contains Plaintiffs' conclusions of law, to which no response is required.  To the extent a response is required, admitted.

7.    The allegation in this paragraph contains Plaintiffs' conclusions of law, to which no response is required.  To the extent a response is required, admitted.

8.    The allegation in this paragraph contains Plaintiffs' conclusions of law, to which no response is required.  To the extent a response is required, Board Defendants lack sufficient knowledge or information to respond to this allegation.

9.    Admitted that Board Defendants denied Ben Gamla's revised application on the sole basis that Ben Gamla proposed a religious charter school.  Board Defendants lack

sufficient knowledge or information to respond to Plaintiffs' intentions for its proposed charter school.

10. The allegation in this paragraph contains Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, admitted.

11. This paragraph contains Plaintiffs' conclusions of law and requested relief, to which no response is required. To the extent a response is required, Board Defendants do not oppose Plaintiffs' request as outlined further below.

## THE PARTIES

12. Admitted.

13. Admitted.

14. Admitted.

15. Defendant Wilkinson was voluntarily dismissed from this lawsuit on April 15, 2026. ECF No. 56.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Denied.

23. Admitted.

24. Admitted.

25.    Defendant Lusnia was voluntarily dismissed from this lawsuit on April 15, 2026.  ECF No. 56.

## JURISDICTION AND VENUE

26.    Admitted.

27.    Admitted.

## FACTUAL ALLEGATIONS

*The Oklahoma Charter Schools Act*

28.    Admitted with the clarification that Okla. Stat. tit. 70 §§ 3-130–3-167 comprises the Oklahoma Charter Schools Act.

29.    Admitted.

30.    Admitted.

31.    Admitted that the quoted language accurately reflects that charter schools may "craft a curriculum emphasizing a specific learning philosophy or style or certain subject areas."  The remaining language in this paragraph is a characterization of Plaintiffs' position to which no response is required.  To the extent a response is required, denied.

32.    Admitted.

33.    Admitted.

34.    Admitted.

35.    The allegation in this paragraph is a characterization of Plaintiffs' position to which no response is required.  To the extent a response is required, admitted.

36.    Admitted.

37.    Admitted.

4

38.    Admitted.

39.    Admitted.

40.    Admitted that Comanche Academy Charter School is tribally-authorized. Denied that Academy of Seminole and Academy of Okmulgee are tribally-authorized.

41.    Admitted that Okla. Stat. tit. 70, § 3-136(A)(2) requires that a charter school be "nonsectarian in its programs, admission policies, employment practices, and all other operations" and that a charter school may not be authorized if it is "affiliated with a nonpublic sectarian school or religious institution." The remaining language in this paragraph is a characterization of Plaintiffs' position to which no response is required. To the extent a response is required, admitted.

***The St. Isidore Case***

42.    Admitted.

43.    Admitted that in 2023, Oklahoma Statewide Virtual Charter School Board approved the revised application of St. Isidore of Seville Catholic Virtual School. The Oklahoma Statewide Charter School Board is the successor-in-interest to the Oklahoma Statewide Virtual Charter School Board. *See* Okla. Stat. tit. 70, § 3-131.1(I).

44.    Admitted.

45.    Admitted.

46.    The allegation in this paragraph contains Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, admitted.

47.    The allegation in this paragraph contains Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, admitted.

5

48. The allegation in this paragraph contains Plaintiffs' characterizations of the Attorney General's brief, to which no response is required. To the extent a response is required, admitted.

49. Admitted.

50. Admitted.

51. Admitted.

52. The allegation in this paragraph contains Plaintiffs' characterizations of the Attorney General's actions, to which no response is required. To the extent a response is required, admitted.

53. Admitted.

54. This paragraph appears to be a heading, to which no response is required.

55. Board Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

56. Board Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

57. Board Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

58. Board Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

59. Board Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

60.     Board Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

61.     Board Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

62.     Board Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

63.     Board Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

64.     Board Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

65.     Admitted.

66.     Board Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

67.     Board Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

68.     Board Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

69.     Board Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

70.     Board Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

71. Board Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

72. Admitted to the extent that the quoted language appears in Ben Gamla's application. Board Defendants lack sufficient knowledge or information to admit or deny any further allegations in this paragraph.

73. Admitted.

74. Admitted to the extent that the quoted language appears in Ben Gamla's application. Board Defendants lack sufficient knowledge or information to admit or deny any further allegations in this paragraph.

75. Admitted to the extent that the quoted language appears in Ben Gamla's application. Board Defendants lack sufficient knowledge or information to admit or deny any further allegations in this paragraph.

76. Admitted to the extent that allegations reflect what appears in Ben Gamla's application. Board Defendants lack sufficient knowledge or information to admit or deny any further allegations in this paragraph.

77. Admitted to the extent that allegations reflect what appears in Ben Gamla's application. Board Defendants lack sufficient knowledge or information to admit or deny any further allegations in this paragraph.

78. Admitted.

79. Admitted.

80. Admitted with clarification that the governing board of a school need not be fully formed until the "ready-to-open" phase.

81. This paragraph appears to be a heading, to which no response is required.

82. Admitted with clarification that the Board held a meeting on January 12, 2026.

83. Admitted.

84. Admitted.

85. Admitted.

86. Admitted.

87. Admitted.

88. Admitted.

89. The allegation in this paragraph is a characterization of Plaintiffs' position to which no response is required. To the extent a response is required, admitted.

90. Admitted.

91. Admitted.

92. Admitted.

93. Admitted.

94. Admitted.

95. Admitted.

96. Admitted.

97. Admitted.

98. Admitted.

99. Admitted.

100. Admitted.

101.   Admitted.

102.   Admitted.

103.   Admitted.

104.   Admitted.

105.   Admitted.

106.   Admitted.

## CLAIMS FOR RELIEF

## COUNT I

### 42 U.S.C. § 1983
### FREE EXERCISE CLAUSE VIOLATION
### CATEGORICAL EXCLUSION FROM OTHERWISE-
### AVAILABLE GOVERNMENT BENEFITS

107.   Board Defendants repeat and incorporate all preceding responses in this Answer.

108.   Admitted.

109.   Admitted.

110.   The allegation in this paragraph contains Plaintiffs' conclusions of law, to which no response is required.  To the extent a response is required, admitted.

111.   The allegation in this paragraph contains Plaintiffs' conclusions of law, to which no response is required.  To the extent a response is required, admitted.

112.   Board Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph.

10

113.    The allegation in this paragraph contains Plaintiffs' conclusions of law, to which no response is required.  To the extent a response is required, admitted.

114.    The allegation in this paragraph contains Plaintiffs' conclusions of law, to which no response is required.  To the extent a response is required, admitted.

115.    The allegation in this paragraph contains Plaintiffs' conclusions of law, to which no response is required.  To the extent a response is required, admitted.

116.    The allegation in this paragraph contains Plaintiffs' conclusions of law, to which no response is required.  To the extent a response is required, admitted.

117.    The allegation in this paragraph contains Plaintiffs' conclusions of law, to which no response is required.  To the extent a response is required, admitted.

118.    The allegation in this paragraph contains Plaintiffs' conclusions of law, to which no response is required.  To the extent a response is required, admitted.

119.    The allegation in this paragraph contains Plaintiffs' conclusions of law, to which no response is required.  To the extent a response is required, admitted.

120.    The allegation in this paragraph contains Plaintiffs' conclusions of law, to which no response is required.  To the extent a response is required, admitted.

121.    The allegation in this paragraph contains Plaintiffs' conclusions of law, to which no response is required.  To the extent a response is required, admitted.

122.    The allegation in this paragraph contains Plaintiffs' conclusions of law, to which no response is required.  To the extent a response is required, admitted.

## COUNT II

### 42 U.S.C. § 1983
### FREE EXERCISE CLAUSE VIOLATION
### NOT GENERALLY APPLICABLE

123.    Board Defendants repeat and incorporate all preceding responses in this Answer.

124.    The allegation in this paragraph contains Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, admitted.

125.    The allegation in this paragraph contains Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, admitted.

126.    The allegation in this paragraph contains Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, admitted.

127.    The allegation in this paragraph contains Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, admitted.

128.    The allegation in this paragraph contains Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, admitted.

129.    The allegation in this paragraph contains Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, admitted.

130.    The allegation in this paragraph contains Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, admitted.

131.    The allegation in this paragraph contains Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, admitted.

## COUNT III

### 42 U.S.C. § 1983
### FREE EXERCISE CLAUSE VIOLATION
### NOT NEUTRAL

132. Board Defendants repeat and incorporate all preceding responses in this Answer.

133. The allegation in this paragraph contains Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, admitted.

134. The allegation in this paragraph contains Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, admitted.

135. The allegation in this paragraph contains Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, admitted.

136. The allegation in this paragraph contains Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, admitted.

137. The allegation in this paragraph contains Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, admitted.

138. The allegation in this paragraph contains Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, admitted.

139. The allegation in this paragraph contains Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, admitted.

140. The allegation in this paragraph contains Plaintiffs' conclusions of law, to which no response is required. To the extent a response is required, admitted.

141.    The allegation in this paragraph contains Plaintiffs' conclusions of law, to which no response is required.  To the extent a response is required, admitted.

142.    The allegation in this paragraph contains Plaintiffs' conclusions of law, to which no response is required.  To the extent a response is required, admitted.

## COUNT IV

### 42 U.S.C. § 1983
### EQUAL PROTECTION VIOLATION
### DISCRIMINATION BASED ON RELIGION

143.    Board Defendants repeat and incorporate all preceding responses in this Answer.

144.    The allegation in this paragraph contains Plaintiffs' conclusions of law, to which no response is required.  To the extent a response is required, admitted.

145.    The allegation in this paragraph contains Plaintiffs' conclusions of law, to which no response is required.  To the extent a response is required, admitted.

146.    The allegation in this paragraph contains Plaintiffs' conclusions of law, to which no response is required.  To the extent a response is required, admitted.

147.    The allegation in this paragraph contains Plaintiffs' conclusions of law, to which no response is required.  To the extent a response is required, admitted.

148.    The allegation in this paragraph contains Plaintiffs' conclusions of law, to which no response is required.  To the extent a response is required, admitted.

149.    The allegation in this paragraph contains Plaintiffs' conclusions of law, to which no response is required.  To the extent a response is required, admitted.

150.    The allegation in this paragraph contains Plaintiffs' conclusions of law, to which no response is required.  To the extent a response is required, admitted.

151.    The allegation in this paragraph contains Plaintiffs' conclusions of law, to which no response is required.  To the extent a response is required, admitted.

## PRAYER FOR RELIEF

The remaining paragraphs of the Complaint contain Plaintiffs' requested relief, to which no response is required. To the extent a response is required:

a.    Board Defendants do not oppose this request for relief on this basis;

b.    Board Defendants do not oppose this request for relief on this basis;

c.    Board Defendants do not oppose this request for relief;

d.    Board Defendants deny that the Oklahoma Statewide Charter School Board should be liable for any reasonable attorneys' fees and costs; and

e.    Denied.

## AFFIRMATIVE DEFENSES

1.    This Court, in its discretion, should decline to award attorneys' fees and costs since awarding attorneys' fees and costs against Board Defendants would be unjust.  *See Zinna v. Congrove*, 680 F.3d 1236, 1239 (10th Cir. 2012).  Ben Gamla brings this action while Defendants are "powerless to provide the remedy without breaching" the order of the Oklahoma Supreme Court in *Drummond*, "with resultant substantial damages."  *Soc'y of Professional Journalists, Headliners Chapter v. Briggs*, 687 F. Supp. 1521, 1525 (D. Utah 1988) (refusing to award fees because the defendants' powerlessness to remedy constituted a special circumstance rendering fees unjust).  Board Members expressed their

15

desire to approve Ben Gamla's charter school application.  But refusal to comply with the Oklahoma Supreme Court's order of mandamus in *Drummond* is indirect contempt of court, 21 O.S. § 565, and may be punished with a fine not exceeding $500.00 or imprisonment in the county jail not exceeding six months, 21 O.S. § 566.  Since the Board—absent committing indirect contempt of court—is unable to provide Ben Gamla its sought-after remedy, an award of attorneys' fees and costs would be unjust.

16

Respectfully submitted this 16 day of April, 2026.

*/s/ Anthony J. Ferate*

Anthony J. Ferate, OBA No. 21171
SPENCER FANE LLP
9400 North Broadway Extension, Suite 600
Oklahoma City, Oklahoma 73114
(405) 844-9900
ajferate@spencerfane.com

Hiram S. Sasser, III, OBA No. 19557
Holly M. Randall,* OBA No. 34763
Erin E. Smith,* OBA No. 35232
FIRST LIBERTY INSTITUTE
2001 W. Plano Parkway, Suite 1600
Plano, Texas 75075
(972) 941-4444
hsasser@firstliberty.org
hrandall@firstliberty.org
esmith@firstliberty.org

*\*Applications pro hace vice to the Western District pending.*

**Attorneys for Oklahoma Statewide Charter School Board Defendants**

17

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16 day of April, 2026, I electronically submitted this document to the Clerk of Court via the ECF to be served on counsel for Plaintiffs, Defendant, and Proposed Intervenors.

/s/ Anthony J. Ferate
Anthony J. Ferate, OBA No. 21171
SPENCER FANE LLP
9400 North Broadway Extension, Suite 600
Oklahoma City, Oklahoma 73114
(405) 844-9900
ajferate@spencerfane.com

18