IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

THE NATIONAL BEN GAMLA
JEWISH CHARTER SCHOOL
FOUNDATION, INC., and PETER
DEUTSCH,

    Plaintiffs,

v.

GENTNER DRUMMOND, *et al.*

    Defendants.

Case No. 5:26-cv-00582-R

**DEFENDANT ATTORNEY GENERAL GENTNER DRUMMOND'S
RESPONSE TO PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION, WITH BRIEF IN SUPPORT**

Defendant Gentner F. Drummond, in his official capacity as Attorney General of Oklahoma (the "Attorney General"), respectfully submits this response to Plaintiffs' Motion for Preliminary Injunction and separately filed brief in support (Dkts. 10, 11).[1] For the reasons set forth in the Attorney General's Motion to Dismiss (Dkt. 52) and as further explained below, Plaintiffs' motion for a preliminary injunction should be denied as to the Attorney General because he is not a proper party to this action and no injunctive relief can properly run against him.[2]

---

[1] The Attorney General has previously filed a Motion to Dismiss (Dkt. 52), which is incorporated herein by reference. The arguments set forth in this response are in addition to, and not in lieu of, the grounds for dismissal set forth in the Motion to Dismiss.

[2] Nothing in this response should be construed as a waiver of the Attorney General's authority to represent the interests of the State of Oklahoma and its citizens in matters arising under the Oklahoma Charter Schools Act or any other provision of Oklahoma law. The Attorney General expressly reserves the right to appear, intervene, or participate in any proceeding in

## ARGUMENT

### I.   No Preliminary Injunction Can Issue Against the Attorney General Because He Is Not a Proper Defendant.

A preliminary injunction is an extraordinary remedy that "should not be issued unless the movant's right to relief is 'clear and unequivocal.'" *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009). As a threshold matter, a court cannot enjoin a party who has no connection to the conduct being challenged. *See Chamber of Com. of U.S. v. Edmondson*, 594 F.3d 742, 760 (10th Cir. 2010) (dismissing Attorney General from claims where he lacked a particular duty to enforce the challenged provision). A preliminary injunction against the Attorney General would be meaningless because he has no authority to grant or deny charter school applications, no role in enforcing the nonsectarian requirement against applicants, and no ability to provide Plaintiffs the relief they seek.

As set forth in detail in the Attorney General's Motion to Dismiss, the Oklahoma Charter Schools Act ("OCSA") vests authority over charter school applications exclusively with the Oklahoma Statewide Charter School Board (the "Board"). OKLA. STAT. tit. 70, § 3-134(C), (E). The Board—not the Attorney General—reviews applications, conducts capacity interviews, holds hearings, votes on applications, and issues formal denial letters. Dkt. 1, ¶¶ 78–84, 99–104. The Attorney General's general authority as "chief law officer of the State" does not constitute the kind of specific enforcement connection required by *Ex parte Young*, 209 U.S. 123, 157 (1908), and *Edmondson*, 594 F.3d at 760. The Attorney General incorporates the Motion to Dismiss in its entirety and will not repeat those arguments here.

---

which the interests of the State or its people are at issue. *See* OKLA. STAT. tit. 74, § 18b(A)(3); *see also Cherokee Nation v. United States Dep't of the Interior*, 2025 OK 4, ¶ 55, 564 P.3d 58, 74.

Where there is no enforcement connection between the Attorney General and the challenged statute, the *Ex parte Young* exception to sovereign immunity does not apply, and the Eleventh Amendment bars the suit. *Edmondson*, 594 F.3d at 760. Because the *Ex parte Young* exception is a prerequisite to any injunctive relief against a state officer, the Court should deny the preliminary injunction as to the Attorney General on this threshold ground alone.

II.   **The Board Denied the Application Based on a Court Decision, Not at the Attorney General's Direction, and the Attorney General's Mandamus Petition Confirms He Has No Enforcement Connection.**

Plaintiffs acknowledge that the Board denied Ben Gamla's application because the Board felt bound by the Oklahoma Supreme Court's decision in *Drummond ex rel. State v. Oklahoma Statewide Virtual Charter Sch. Bd.*, 2024 OK 53, 558 P.3d 1, *aff'd by an equally divided Court sub nom Okla. Statewide Charter Sch. Bd. v. Drummond*, 605 U.S. 165 (2025). Dkt. 11 at 7–9. In other words, the Board denied the application based on a judicial decision—not at the Attorney General's direction. This only reinforces the Attorney General's lack of an enforcement connection to the nonsectarian requirement.[3]

The Attorney General's recently filed mandamus petition against the Board further confirms the point. On March 11, 2026, the Attorney General filed a Petition for Writ of Mandamus against the Board in Oklahoma County District Court, seeking to compel the

---

[3] The Board Defendants' response suggests that the Attorney General "threatened Board Members with criminal contempt of court." Dkt. 63 at 8. But to be clear, the correspondence referenced by the Board (Sasser Decl., Ex. 1-E at 3–4) concerned the Board's obligation to comply with the Oklahoma Supreme Court's final judgment in *Drummond v. Oklahoma Statewide Virtual Charter School Board*—specifically, the writ of mandamus directing the Board to rescind its contract with St. Isidore of Seville Catholic Virtual School. That is a matter of compliance with a final judgment in a concluded case, affirmed by an equally divided United States Supreme Court. It has nothing to do with The National Ben Gamla Jewish Charter School Foundation, Inc.'s ("Ben Gamla") application.

Board to discharge its statutory duty to identify and incorporate into the record all valid, non-constitutional grounds for rejection. *See Drummond v. Okla. Statewide Charter Sch. Bd.*, No. CV-2026-649 (Okla. Cnty. Dist. Ct. filed Mar. 11, 2026).

An official who must resort to mandamus to compel the Board's compliance with its own statutory duties is not "enforcing" the nonsectarian requirement against charter school applicants. To the contrary, the mandamus petition demonstrates that the Board operates independently of the Attorney General, and that the Attorney General's involvement in this area is limited to ensuring the Board's compliance with its procedural obligations. That is the opposite of the discrete enforcement connection required by *Ex parte Young*, 209 U.S. at 157.

### III.     Even Setting Aside the Threshold Defect, Plaintiffs Have Not Demonstrated a Likelihood of Success on the Merits Against the Attorney General.

Even if the Attorney General were a proper defendant—and he is not—Plaintiffs have not demonstrated a likelihood of success on the merits sufficient to warrant the extraordinary remedy of a preliminary injunction.[4]

Plaintiffs' entire case rests on the premise that the nonsectarian requirement in the Oklahoma Charter Schools Act violates the Free Exercise Clause. But that requirement has already been upheld. Six of the eight Justices hearing the case at the Oklahoma Supreme Court concluded that the nonsectarian requirement is consistent with both the Oklahoma Constitution and the federal Establishment Clause, and that Oklahoma charter schools are

---

[4] The Attorney General takes no position in this response on the merits of Plaintiffs' constitutional claims, consistent with the position taken in his pending mandamus petition. *See Drummond v. Okla. Statewide Charter Sch. Bd.*, No. CV-2026-649 (Okla. Cnty. Dist. Ct. filed Mar. 11, 2026), at 1 (Attorney General "takes no position in this proceeding on the constitutional or statutory questions" resolved in *Drummond v. Oklahoma Statewide Virtual Charter School Board*).

state actors whose religious exercise would constitute government endorsement of religion. *Drummond*, 558 P.3d at 15. The United States Supreme Court granted certiorari, received full briefing and oral argument, and affirmed by an equally divided Court. *Drummond*, 605 U.S. at 165.

Plaintiffs correctly note that an affirmance by an equally divided Court does not constitute binding precedent in a separate case. But neither is it a nullity. The fact remains that after full briefing by the parties, and after oral argument, at least four Justices of the United States Supreme Court concluded that the nonsectarian requirement—as applied to another religious charter school[5]—does not violate the Free Exercise Clause. And six Justices of the Oklahoma Supreme Court reached the same conclusion. That is hardly the kind of "clear and unequivocal" showing required for the extraordinary remedy of a preliminary injunction. *Beltronics*, 562 F.3d at 1070.

Moreover, Plaintiffs' Free Exercise argument depends entirely on their contention that charter schools are not state actors. But the Oklahoma Supreme Court's contrary holding—that charter schools operating under the OCSA are state actors—was affirmed by the equally divided Supreme Court and remains the law of Oklahoma. This Court need not resolve that question to deny the preliminary injunction as to the Attorney General; the existence of substantial authority on both sides of the state-action question is itself sufficient to defeat the "clear and unequivocal" standard required for preliminary relief.

---

[5] This should not be considered an admission that the Attorney General believes that Ben Gamla is otherwise qualified to operate as a charter school. As articulated in the Attorney General's Petition for Writ of Mandamus, the Attorney General does not believe that Ben Gamla satisfies other independent state law requirements for the issuance of a charter. *Drummond*, No. CV-2026-649 (Okla. Cnty. Dist. Ct.

**CONCLUSION**

For the foregoing reasons, the Attorney General respectfully requests that this Court deny Plaintiffs' Motion for Preliminary Injunction as to the Attorney General. The Attorney General has no enforcement connection to the OCSA's nonsectarian requirement, is not a proper defendant in this action, and cannot be enjoined to redress the injuries Plaintiffs allege. To the extent the Court reaches the merits, the weight of existing authority does not support the extraordinary remedy Plaintiffs seek.

Respectfully Submitted,

s/Garry M. Gaskins, II

| | |
|---|---|
| | GARRY M. GASKINS, II, OBA NO. 20212<br>*Solicitor General*<br><br>OFFICE OF ATTORNEY GENERAL<br>STATE OF OKLAHOMA<br>313 N.E. 21st Street<br>Oklahoma City, OK 73105<br>Direct:  (405) 521-3921<br>Garry.Gaskins@oag.ok.gov<br>*Counsel for Defendants* |

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of April, 2026, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

s/*Garry M. Gaskins, II*
Garry M. Gaskins, II