**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| THE NATIONAL BEN GAMLA JEWISH CHARTER SCHOOL FOUNDATION, INC., *et al.* | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 5:26-CV-00582-R |
| v. | ) ) | |
| GENTNER DRUMMOND, in his official Capacity as Attorney General of Oklahoma, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

**DECLARATION OF CRICKET DEBRA ANN MOORE**

I, Cricket Debra Ann Moore, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury the following is true and correct:

1. I am an adult resident of Tulsa County, Oklahoma and I have personal knowledge of the facts stated herein and am competent to testify thereto.

2. I am the parent of a high school student who attends the Tulsa School of Arts and Sciences ("TSAS"), a Title I-designated public charter school in Tulsa, Oklahoma.

3. I have two (2) other children who attend traditional public schools; however, a traditional public school was not a good fit for my third child. TSAS prepares students for the future, recognizing that not all students have the same future goals. Through a liberal arts framework centered on research and critical thinking, my entrepreneurial child is developing independent views of what the future might look like.

4. The teacher-student ratio at TSAS is significantly more for 6-12 grade programs than it is in a traditional public-school setting. My child benefits from receiving an education each day from teachers who know my child and work with my child to ensure future goals can be met.

5. This is my child's fourth (4th) year at TSAS. When we started at TSAS, coming from a traditional public school, I watched a drastic jump in confidence. Excitement about school classes and projects increased, along with grades. Since being at TSAS, my child has become more tolerant and accepting of others and has gained a better understanding of the surrounding community and how that community works to benefit others.

6. I am aware that a significant percentage of TSAS students come from households that fall below the poverty level. As a public charter school that serves a high number of students who qualify to receive free- and reduced-price lunches, TSAS has access to Title I funding that is essential to its ability to operate.

7. I serve on the Board of Trustees for TSAS, and I have seen and participated in the Board's decisions regarding the best use of Title 1 funding. My child, as well as all students at TSAS, benefit from Title I funding through: academic support and instruction in reading and math (free tutoring); schoolwide programs focused on student achievement (in literacy); student support services (counseling); school resources such as materials and technology (peer-led annual review of curriculum); and professional development of educators at the charter school (teacher coaching and mentorship programs).

8. I believe the ability to access Title I funds and to provide high quality educational options for children like my child depends on public charter schools remaining public, and I have a significant interest in protecting my child from the harm that would result if TSAS were to lose access to the Title I funding it currently receives.

9. I am also aware that TSAS, like all public schools in Oklahoma, is funded through the state aid formula.

10. I believe the position being advanced by Plaintiffs in this lawsuit will result in TSAS's loss of eligibility for state funding commensurate with other public schools, threatening the very existence of the public charter school, because Plaintiffs seek to have charter schools in Oklahoma classified and treated as private schools.

11. In choosing to enroll at TSAS, my child has the same constitutional rights enjoyed by peers in attendance at traditional public schools, including the right to free exercise of religion, free speech, due process, and equal protection recognized in the constitutions of the state of Oklahoma and the United States. I have never agreed to waive my child's rights as a condition of participating in a public charter school.

12. I object to Plaintiffs' position in this lawsuit because, if this Court agrees with Plaintiffs that charter operators are not state actors or governmental entities for federal and state constitutional purposes, the effect would be to extinguish my child's protections under the constitutions of the state of Oklahoma and the United States without my consent.

13. I seek to intervene in the above-captioned action (1) to protect my interest as a parent of a child attending a public charter school – one that I chose for my child because I

believe it to be the best public school option for my child – in the State of Oklahoma; (2) to protect my child's currently available constitutional rights; (3) to protect my family's interest in ensuring that charter schools in Oklahoma remain public schools so that the Title I funding and State aid allocation funding that is vital to my child's public charter school (and to my child's educational future) are protected; and (4) to make this court aware that these interests, which are important and unique to me and my family, are immediately jeopardized by the position being advanced the Plaintiffs in this lawsuit.

Executed in Tulsa County, Oklahoma, on April __10__, 2026.

C. Debra Ann Moore

Cricket Debra Ann Moore