## DECLARATION OF CATHLEEN TICHENOR

I, Cathleen Tichenor, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury the following is true and correct:

1. I am an adult resident of Oklahoma County, Oklahoma and I have personal knowledge of the facts stated herein and am competent to testify thereto.

2. I am the parent of students in the Harding Charter Preparatory School District ("HCPSD") in Oklahoma City, Oklahoma. Specifically, I have a 3rd grader at Harding Preparatory Elementary School at Kelley, 6th grader at Harding Preparatory Middle School at Independence, and 9th and 11th graders who attend Harding Preparatory High School.

3. In choosing to enroll at HCPSD, one of Oklahoma's public charter school districts, my children have the same constitutional rights enjoyed by peers in attendance at traditional public schools, including the right to free exercise of religion, free speech, due process, and equal protection recognized in the constitutions of the state of Oklahoma and the United States. I have never agreed to waive my children's rights as a condition of participating in a public charter school.

4. HCPSD has worked with me and two of my children to develop plans under Section 504 of the Rehabilitation Act tailored specifically to meet the unique needs of my children. All of my children qualify for free lunches through Title I funded services.

5. The Section 504 plans provide necessary accommodations for my children's academic needs. The plans are tailored to the needs of each of my children requiring more than minor adjustments to contribute to my children's success in supporting retention and mastery of information.

6. As a public charter school district that serves a high percentage of students who qualify to receive free and reduced price lunches I am aware that HCPSD has access to Title I funding

that is essential to its ability to operate and keep its doors open for my children and other children of the state of Oklahoma.

7. My concerns are not just limited to HCPSD (and many other public charter schools across the state of Oklahoma). I believe the ability to access Title I funds and to provide high quality educational options for children like my children depends on public charter schools remaining public and I have a significant interest in protecting my children from the harm that would result if HCPSD were to lose access to the Title I programming it currently receives.

8. My children and I are direct beneficiaries of Section 504 of the Rehabilitation Act and Title I funding and we belong to the class of persons the statute was designed to protect.

9. As a public charter school, I understand the HCPSD is subject to stricter regulations under Section 504 than it would be if it were a private school.

10. I believe that my children's ability to have and maintain a Section 504 disability accommodation plan depends on public charter schools remaining public, and I have a significant interest in protecting my children from the educational emotional harm that would result if a public charter school, like HCPSD, were no longer required to provide the same level of disability accommodations under Section 504.

11. I am grateful Section 504 requires public schools to make meaningful, reasonable accommodations to ensure all children, including children like mine, have the opportunity to receive a free, appropriate education. The public school requirements of Section 504 allows my children to have disability accommodation plans at HCPSD, and I appreciate the continuing efforts of the administrators and teachers at HCPSD to implement my children's Section 504 plan successfully.

12. I believe that my and my children's interest in having and maintaining a Section 504 disability plan is threatened by the position being advanced by Plaintiff in this lawsuit because Plaintiff seeks to have charter schools in Oklahoma, like HCPSD, classified and treated as private schools.

13. It is my understanding that classifying charter schools in Oklahoma like HCPSD as private schools could result in the application of Section 504 provisions relating to private schools rather than the provisions regarding public schools, resulting in significantly reduced protections against discrimination and equal access for students like my child.

14. I am aware that HCPSD, like all public schools in Oklahoma, is funded through the state aid formula.

15. My children and I are direct beneficiaries of the state aid formula for funding of public charter schools, and we belong to the class of persons the state aid formula is intended to protect.

16. I believe the position being advanced by Plaintiff in this lawsuit will result in HCPSD's loss of eligibility for state funding commensurate with other public schools, threatening the very existence of the public charter school, because Plaintiff seeks to have charter schools in Oklahoma classified and treated as private schools.

17. I object to the Plaintiff's position in this lawsuit because, if charter schools lose their status as public schools as result of this lawsuit, I believe (1) that my children and other children across the State of Oklahoma will be deprived of the benefits conferred by section 504 in the form of disability accommodations at public charter schools and will be harmed directly by the inability to have and maintain section 504 disability accommodations plan like the ones my children have at HCPSD; (2) that my children and other children across the State of Oklahoma will be deprived of the benefits conferred by Title I services and funding that my children and other

children across the state of Oklahoma rely on; and (3) that my children and other children across the State of Oklahoma will be deprived of the benefits conferred on me and my children in the form of access to public charter schools and will be harmed directly by the loss of critical services and critical funding for public charter schools like HCPSD.

18. I object to Plaintiff's position in this lawsuit because, if this Court agrees with Plaintiff that charter operators are not "state actors" or government entities for federal and state constitutionals purposes, the effect would be to extinguish my child's protections under the constitutions of the state of Oklahoma and the United States without my consent.

19. I seek to intervene in the above captioned action (1) to protect my interest as a parent of children attending a public charter school —one that I chose for my children because I believe it to be the best public school option for my children—in the State of Oklahoma; (2) to protect my family's interest in ensuring that charter schools in Oklahoma remain public schools so that the full scope of section 504 benefits that are vital to my child's education are protected; (3) to protect my family's interest in ensuring that charter schools in Oklahoma remail public schools so that the Title I funding and State aid allocation funding that is vital to my children's public charter school (and to my children's educational future) is protected; and (4) to make this court aware that these interests, which are important and unique to me and my family, are immediately jeopardized by the position being advanced the plaintiff in this lawsuit.

Executed in _Oklahoma_ County, Oklahoma, on April _13_ 2026.

Cathleen Tichenor