**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| THE NATIONAL BEN GAMLA JEWISH CHARTER SCHOOL FOUNDATION, INC., *et al.* | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 5:26-CV-00582-R |
| v. | ) ) | |
| GENTNER DRUMMOND, in his official Capacity as Attorney General of Oklahoma, *et al.,* | ) ) ) ) | |
| Defendants. | ) | |

**DECLARATION OF DANIEL HENSLEY**

I, Daniel Hensley, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury the following is true and correct:

1. I am an adult resident of Oklahoma County, Oklahoma and I have personal knowledge of the facts stated herein and am competent to testify thereto.

2. I am the parent of a 6th grade student who attends Harding Charter Preparatory Middle School at Independence and a 9th grade student who attends Harding Charter Preparatory High School, both public charter schools within the Harding Charter Preparatory School District ("HCPSD") in Oklahoma City, Oklahoma.

3. My children have been diagnosed with conditions that warrant a plan under Section 504 of the Rehabilitation Act tailored specifically to meet the unique needs of my children.

4. Prior to joining the Harding School District my children were in a traditional public school which was large and impersonal. The needs of my children were overlooked and

significant delays occurred in getting their 504 plans established.  In fact, we spent well over 6 months attempting to establish a plan the traditional school identified as necessary for one of my children. The impersonal nature of the student experience and the lack of urgency in providing necessary assistance led us to look elsewhere to meet the needs of our family.

5. HCPSD enjoys a much smaller school population than our previous school which allows for the teachers, administration, and staff to have personal knowledge of my children's strengths and weaknesses. This more personalized knowledge led to quicker development of responsive accommodations for my children under Section 504.

6. The Section 504 plans provide: accommodations focusing on environmental distraction control, such as noise reduction and preferential seating; executive functioning support, such as agenda checks, organizational help and extended time; and testing modifications, providing for a small group setting and frequent breaks for both classroom and Oklahoma State Testing Program assessments. The Section 504 plan requirements all contribute to my children's success in supporting retention and mastery of information.

7. I believe that my children's ability to have and maintain a Section 504 disability accommodation plan depends on public charter schools remaining public, and I have a significant interest in protecting my children from the educational and emotional harm that would result if public charter schools, like HCPSD, were no longer required to provide the same level of disability accommodations under Section 504.

8. My children have attended traditional public schools and did not thrive in them. Returning to a traditional public school would be detrimental to my children by removing the support system they have come to rely on with personalized attention and would require significant changes in how my family interacts with the school to again attempt for their Section 504 accommodations to be implemented at all much less as effectively as they are at HCPSD.

9. I am grateful Section 504 requires public schools to make meaningful, reasonable accommodations to ensure all children, including children like mine, have the opportunity to receive a free, appropriate education. The public school requirements of Section 504 allow my children to have disability accommodation plans at HCPSD, and I appreciate the continuing efforts of the administrators and teachers at HCPSD to implement my children's Section 504 plans successfully.

10. I believe that my and my children's interest in having and maintaining a Section 504 disability plan is threatened by the position being advanced by Plaintiffs in this lawsuit because Plaintiffs seek to have charter schools in Oklahoma, like HCPSD classified and treated as private schools.

11. I am aware that HCPSD, like all public schools in Oklahoma, is funded through the state aid formula.

12. I believe the position being advanced by Plaintiffs in this lawsuit may result in HCPSD's loss of eligibility for state funding commensurate with other public schools, threatening the very existence of the public charter school, because Plaintiffs seek to have charter schools in Oklahoma treated as private schools.

13. In choosing to enroll at HCPSD, my children have the same constitutional rights enjoyed by peers in attendance at traditional public schools, including the right to free exercise of religion, free speech, due process, and equal protection recognized in the constitutions of the state of Oklahoma and the United States. I have never agreed to waive my children's rights as a condition of participating in a public charter school.

14. I object to Plaintiffs' position in this lawsuit because, if this Court agrees with Plaintiffs that charter operators are not state actors or governmental entities for federal and state constitutional purposes, the effect would be to extinguish my child's protections under the constitutions of the state of Oklahoma and the United States without my consent.

15. I seek to intervene in the above captioned action (1) to protect my interest as a parent of children attending a public charter school - one that I chose for my children because I believe it to be the best public school option for my children - in the State of Oklahoma; (2) to protect my family's interest in ensuring that charter schools in Oklahoma remain public schools so that the full scope of Section 504 benefits that are vital to my children's education are protected; (3) to protect my family's interest in ensuring that the charter schools in Oklahoma remain public schools so that the funding that is vital to my children's public charter school (and to my child's educational future) is protected; (4) to protect my child's currently available constitutional rights; and (5) to make this court aware that these interests, which are important and unique to me and my family, are immediately jeopardized by the position being advanced Plaintiffs in this lawsuit.

Executed in _OKlahoma_ County, Oklahoma, on April _17_, 2026.

Daniel Hensley