JEWISH CHARTER SCHOOL
FOUNDATION, INC., *et al.*

            Plaintiffs,

v.

GENTNER DRUMMOND, in his official
Capacity as Attorney General of
Oklahoma, *et al.*,

            Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 5:26-CV-00582-R

## DECLARATION OF LUZ M. CRUZ

I, Luz M. Cruz, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury the following is true and correct:

1. I am an adult resident of Rogers County, Oklahoma, and I have personal knowledge of the facts stated herein and am competent to testify thereto.

2. I am the parent of a high school student who attends Tulsa Honor Academy, a public charter school in Tulsa, Oklahoma.

3. Before enrolling at Tulsa Honor Academy, my child attended a traditional public school closer to our home. My child had a plan under Section 504 of the Rehabilitation Act at my child's former public school; however, it was not being implemented well. My child was behind academically and failing a class.

4. We chose Tulsa Honor Academy after hearing about its reputation as a college preparatory public school. Since enrolling, Tulsa Honor Academy has worked with

me and my child to develop a plan under Section 504 of the Rehabilitation Act tailored specifically to meet my child's unique needs.

5. The Section 504 plan for my child provides necessary accommodations for my child's academic needs. My child struggles with reading comprehension and math word problems. The plan ensures additional time is available to turn in assignments, ensures opportunities to take short breaks as necessary, and/or ensures the opportunity to seek support from the Section 504 plan staff at Tulsa Honor Academy. All these accommodations are necessary for my child's success under Tulsa Honor Academy's rigorous academic curriculum.

6. I believe that my child's ability to have and maintain a Section 504 disability accommodation plan depends on public charter schools remaining public, and I have a significant interest in protecting my child from the educational emotional harm that would result if a public charter school, like Tulsa Honor Academy, were no longer required to provide the same level of disability accommodations under Section 504.

7. I am grateful Section 504 requires public schools to make meaningful, reasonable accommodations to ensure all children, including children like mine, have the opportunity to receive a free, appropriate education. The public school requirements of Section 504 allow my child to have a disability accommodation plan at Tulsa Honor Academy, and I appreciate the continuing efforts of the administrators and teachers at Tulsa Honor Academy to implement my child's Section 504 plan successfully.

lawsuit because their families opt to have a better schooling in Oklahoma, like Tulsa Honor Academy, classified and treated as private schools.

9. In choosing to enroll at Tulsa Honor Academy, my child has the same constitutional rights enjoyed by peers in attendance at traditional public schools, including the right to free exercise of religion, free speech, due process, and equal protection recognized in the constitutions of the state of Oklahoma and the United States. I have never agreed to waive my child's rights as a condition of participating in a public charter school.

10. I object to Plaintiffs position in this lawsuit because, if this Court agrees with Plaintiffs that charter operators are not state actors or governmental entities for federal and state constitutional purposes, the effect would be to extinguish my child's protections under the constitutions of the state of Oklahoma and the United States without my consent.

11. I believe a significant percentage of students at Tulsa Honor Academy come from households that fall below the poverty level. As a public charter school that serves a high number of students who qualify to receive free- and reduced-price lunches, Tulsa Honor Academy has access to Title funding that is essential to its ability to operate. At Tulsa Honor Academy, my child is the recipient of free lunches.

12. Additionally, I am aware that Tulsa Honor Academy, like all public schools in

13. I believe the ability of Tulsa Honor Academy to access Title I funds and state funding to provide high quality educational options for children like my child depends on public charter schools remaining public, and I have a significant interest in protecting my child from the harm that would result if Tulsa Honor Academy were to lose access to the Title I funding or the state aid that it currently receives.

14. I seek to intervene in the above captioned action (1) to protect my interest as a parent of a child attending a public charter school – one that I chose for my child because I believe it to be the best public school option for my child – in the State of Oklahoma; (2) to protect my family's interest in ensuring that charter schools in Oklahoma remain public schools so that the full scope of Section 504 benefits that are vital to my child's education are protected; (3) to protect my child's currently available constitutional rights; (4) to protect my family's interest in ensuring that the charter schools in Oklahoma remain public schools so that the state and federal funding that is vital to my child's public charter school (and to my child's educational future) is protected; and (5) to make this court aware that these interests, which are important and unique to me and my family, are immediately jeopardized by the position being advanced the Plaintiffs in this lawsuit.

Executed in Rogers County, Oklahoma, on April 17, 2026.

Luz M. Cruz