# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| THE NATIONAL BEN GAMLA JEWISH CHARTER SCHOOL FOUNDATION, INC., *et al.* | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 5:26-CV-00582-R |
| v. | ) ) | |
| GENTNER DRUMMOND, in his official Capacity as Attorney General of Oklahoma, *et al.,* | ) ) ) ) ) | |
| Defendants. | ) | |

## <u>DECLARATION OF LARISSA PORT</u>

I, Larissa Port, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury the following is true and correct:

1.  I am an adult resident of Oklahoma County, Oklahoma and I have personal knowledge of the facts stated herein and am competent to testify thereto.

2.  I am the parent of four (4) students who attend Epic Charter Schools. Epic Charter Schools operates state-wide. My students are enrolled in Epic's One-on-One learning model.

3.  Three (3) of my children have been diagnosed with conditions that warrant a plan under Section 504 of the Rehabilitation Act tailored specifically to meet my children's unique needs.

4.  When my oldest child was ready to start school, we knew traditional public school was not a viable option for our family.  I contacted a private school for enrollment, but was told they did not provide the accommodations that my oldest child would need.

5.  My child required multiple therapy sessions, and we needed a flexible school schedule in order to be able to attend the various therapy appointments.  At the same time, I did not feel adequate to provide my child's education alone through home-schooling.  Epic Charter Schools allowed the schedule flexibility but also provided the curriculum and teachers, so my child could receive the best public education possible.  Now I fulfill a supportive role in my child's education, but do not bear the responsibility of being the sole education provider.

6.  My oldest child has a specific learning disorder in reading with difficulties in word reading accuracy, fluency, and comprehension.  Epic Charter Schools worked with me and my child to devise a Section 504 plan with a range of support, including making the testing accessible to my child through a text-to-speech option.  Curriculum is also available in text-to-speech, and my oldest child utilizes this; however, the curriculum accommodation is not specifically identified in the Section 504 plan.  The Section 504 plan does permit verbal responses in class work instead of written responses.

7.  My oldest child lacks the ability to hold focus and attention.  This makes it hard for my child to remember what the teacher has said regarding lessons, assignments, and due dates.  Under the Section 504 plan, teacher directions are simplified, repeated, and signage is used.  The Section 504 plan offers frequent breaks.

8. Most importantly, my child's teacher understands it is beneficial if my oldest child works on one subject each day, as opposed to working through four (4) or five (5) different subjects a day. This more focused approach has enhanced my child's ability to succeed with Epic's curriculum.

9. My third-born child also benefits from Section 504 disability accommodations provided by Epic Charter Schools. My third-born child's diagnosed disabilities render a traditional public school environment overwhelming. Further, my child's diagnoses create the need for extra time to think and process. This can lead to fatigue in concentration and task completion for my child.

10. Epic Charter Schools worked with me to establish a Section 504 plan for my third-born child that provides for small group testing, extended time to complete tests and assignments, paper and pencil work in collaboration with the teacher, and assistive technology, including noise-cancelling headphones.

11. My third-born child required extensive therapy sessions. As a family, we exercised our choice to select Epic Charter Schools, which provided the schedule flexibility necessary to attend therapy appointments but also complete schoolwork.

12. I have another child with a Section 504 plan, but that child is not dependent on the plan this year. This child requires accommodations for testing; however, this year state testing may occur remotely.

13. Epic Charter Schools has been extremely easy to work with in implementing and honoring the Section 504 plans for my children. Without the accommodations provided

by Epic Charter Schools, my children would be "left behind" in public schools and not be able to succeed.

14. I believe that my children's ability to have and maintain a Section 504 disability accommodation plan depends on public charter schools remaining public, and I have a significant interest in protecting my children from the educational emotional harm that would result if a public charter school, like Epic Charter Schools, were no longer required to provide the same level of disability accommodations under Section 504.

15. I am grateful Section 504 requires public schools to make meaningful, reasonable accommodations to ensure all children, including children like mine, have the opportunity to receive a free, appropriate education. The public school requirements of Section 504 allow my children to have a disability accommodation plan at Epic Charter Schools, and I appreciate the continuing efforts of the administrators and teachers at Epic Charter Schools to implement my children's Section 504 plan successfully.

16. I believe that my and my children's interest in having and maintaining a Section 504 disability plan is threatened by the position being advanced by Plaintiffs in this lawsuit because Plaintiffs seeks to have charter schools in Oklahoma, like Epic Charter School, classified and treated as private schools.

17. I am also aware that Epic Charter Schools, like all public schools in Oklahoma, is funded through the state aid formula.

18. I believe the position being advanced by Plaintiffs in this lawsuit will result in Epic Charter Schools' loss of eligibility for state funding commensurate with other public

schools, threatening the very existence of the public charter school, because Plaintiffs seek to have charter schools in Oklahoma classified and treated as private schools.

19. In choosing to enroll at Epic Charter Schools, my children have the same constitutional rights enjoyed by peers in attendance at traditional public schools, including the right to free exercise of religion, free speech, due process, and equal protection recognized in the constitutions of the state of Oklahoma and the United States. I have never agreed to waive my children's rights as a condition of participating in a public charter school.

20. I object to Plaintiffs' position in this lawsuit because, if this Court agrees with Plaintiffs that charter operators are not state actors or governmental entities for federal and state constitutional purposes, the effect would be to extinguish my children's protections under the constitutions of the state of Oklahoma and the United States without my consent.

21. I seek to intervene in the above-captioned action (1) to protect my interest as a parent of children attending a public charter school – one that I chose for my children because I believe it to be the best public school option for my children – in the State of Oklahoma; (2) to protect my family's interest in ensuring that charter schools in Oklahoma remain public schools so that the State aid allocation funding that is vital to my children's public charter school (and to my children's educational future) is protected; (3) to protect my children's currently available constitutional rights; (4) to protect my family's interest in ensuring that charter schools in Oklahoma remain public schools so that the full scope of Section 504 benefits that are vital to my children's education are protected; and (5) to make this court aware that these interests, which are

important and unique to me and my family, are immediately jeopardized by the position being advanced the Plaintiffs in this lawsuit.

Executed in Oklahoma County, Oklahoma, on April __16__, 2026.

_____
Larissa Port