**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

---------------------------------------------------------  :

THE NATIONAL BEN GAMLA JEWISH   :
CHARTER SCHOOL FOUNDATION, INC.,   :   Case No. 5:26-cv-00582-R
et al.,   :
                                                                    :
           *Plaintiffs,*   :
                                                                    :
       -against-   :
                                                                    :
BRIAN T. SHELLEM, in his official capacity   :
as Chairman of the Statewide Charter School   :
Board, et al.,   :
                                                                    :
           *Defendants,*   :
                                                                    :
---------------------------------------------------------  :
                                                                    :
RABBI DANIEL KAIMAN, BRADLEY   :
ARCHER, ERIKA DUBOSE, SYDNEY   :
GEBHARDT, KARA JOY MCKEE,   :
MICHELE MEDLEY, and GENE PERRY,   :
                                                                    :
           *Intervenors.*   :
                                                                    :
---------------------------------------------------------  :
                                                                    :
CRICKET MOORE, et al.,   :
                                                                    :
           *Intervenors.*   :
                                                                    :
---------------------------------------------------------  :

**ANSWER AND DEFENSES BY INTERVENORS RABBI DANIEL KAIMAN,
ET AL., TO PLAINTIFFS' COMPLAINT**[*]

---

[*] This Answer is identical to the proposed answer (ECF No. 15-14) that Intervenors submitted with their Motion to Intervene, except that Intervenors have (1) updated their responses to paragraphs 14, 15, 17, 18, 22, 25, 104, and 105 to reflect that the Court has dismissed Attorney General Drummond from this case (ECF No. 90), that Plaintiffs have voluntarily dismissed two other defendants (ECF No. 56), and that the identities of other defendants have changed; (2) updated the cover page and the signature page; (3) deleted the certificate of service; and (4) added this footnote.

1

Intervenors Rabbi Daniel Kaiman, Bradley Archer, Erika DuBose, Sydney Gebhardt, Kara Joy McKee, Michele Medley, and Gene Perry hereby submit the following Answer and Affirmative Defenses to the Complaint filed by Plaintiffs The National Ben Gamla Jewish Charter School Foundation, Inc. and Peter Deutsch.  Except as expressly admitted below, Intervenors deny each and every allegation of the Complaint.

1.      Paragraph 1 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors admit that the Oklahoma Charter Schools Act appears in the cited statutes.  Intervenors refer to the cited materials for their full terms and effect and deny any allegations inconsistent with those materials.

2.      As to paragraph 2, Intervenors admit, on information and belief, that Oklahoma charter schools have various focuses and that tribally-authorized charter schools exist in Oklahoma.  As to the remaining allegations in paragraph 2, Intervenors lack sufficient knowledge or information to form a belief about the truth of the allegations and therefore deny them.

3.      Paragraph 3 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors admit that the quotations appear in the cited statute and refer to that statute for its full terms and effect.  Intervenors admit that Oklahoma law, consistent with the Oklahoma Constitution and U.S. Constitution, prohibits public schools, including public charter schools, from providing religious education.  Intervenors deny the remaining allegations in this paragraph.

4.       Paragraph 4 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors deny the allegations in this paragraph.

5.       Paragraph 5 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors deny any allegation or implication that Oklahoma's charter-school system violates the First Amendment.

6.       Paragraph 6 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors deny any allegation or implication that Oklahoma's charter-school system violates the First Amendment.

7.       Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors deny any allegation or implication that Oklahoma's charter-school system violates the Fourteenth Amendment.

8.       Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors deny the allegations in this paragraph.

9.       Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 and therefore deny the allegations therein.

10.      Paragraph 10 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors deny the allegations in this paragraph.

11.      As to paragraph 11, Plaintiffs' characterization of the relief they seek does not require a response. To the extent a response is required, Intervenors deny the allegations of constitutional violations and further deny that Plaintiffs are entitled to the requested relief, or any relief.

**THE PARTIES**

12.     Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12 and therefore deny the allegations therein.

13.     Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13 and therefore deny the allegations therein.

14.     As to paragraph 14, Intervenors admit that Gentner Drummond is the Attorney General of Oklahoma and that he has law-enforcement responsibilities under Oklahoma law.  Intervenors deny that Attorney General Drummond is a defendant in this action, as the Court granted his motion to dismiss him from the action on June 9, 2026. (ECF No. 90.)

15.     As to paragraph 15, Intervenors admit that Rebecca Wilkinson is Executive Director of the Oklahoma Statewide Charter School Board.  Intervenors deny that Ms. Wilkinson is a defendant in this action, as Plaintiffs voluntarily dismissed their claims against her on April 15, 2026.  (ECF No. 56.)

16.     Intervenors admit the allegations in paragraph 16.

17.     As to paragraph 17, Intervenors deny that Britni Tomcho is a voting member of the Oklahoma Statewide Charter School Board.  She was at the time this lawsuit was filed, and Intervenors admit that she was sued in her official capacity.  She was thereafter replaced by Marshall Baker, who was automatically substituted for her as a defendant under Federal Rule of Civil Procedure 25(d).

4

18.     Intervenors admit the allegations in paragraph 18, except that Intervenors understand that the name of the defendant referenced in this paragraph has changed from Amber Hidy to Amber Wise.

19.     Intervenors admit the allegations in paragraph 19.

20.     Intervenors admit the allegations in paragraph 20.

21.     Intervenors admit the allegations in paragraph 21.

22.     As to paragraph 22, Intervenors deny that David Rutkauskas is a voting member of the Oklahoma Statewide Charter School Board.  He was at the time this lawsuit was filed, and Intervenors admit that he was sued in his official capacity.  He was thereafter replaced by Stephanie Savage, who was automatically substituted for him as a defendant under Federal Rule of Civil Procedure 25(d).

23.     Intervenors admit the allegations in paragraph 23.

24.     Intervenors admit the allegations in paragraph 24.

25.     As to paragraph 25, Intervenors admit that Skyler H. Lusnia is the Director of School Performance of the Oklahoma Statewide Charter School Board and that he signed the formal letters denying Ben Gamla's application.  Intervenors deny that Mr. Lusnia is a defendant in this action, as Plaintiffs voluntarily dismissed their claims against him on April 15, 2026.  (ECF No. 56.)

## JURISDICTION AND VENUE

26.     Paragraph 26 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors deny the allegations.

27.     Paragraph 27 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors refer to the cited statutes for their full terms and effect and deny any allegations inconsistent with those statutes.

## FACTUAL ALLEGATIONS

### *The Oklahoma Charter Schools Act*

28.     Paragraph 28 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors admit that the Oklahoma Legislature passed the Oklahoma Charter Schools Act in 1999 and that the quotation appears in the cited statute.  Intervenors refer to the cited statutes for their full terms and effect and deny any allegations inconsistent with those statutes.

29.     Paragraph 29 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors admit that the quotations appear in the cited statute.  Intervenors refer to that statute for its full terms and effect and deny any allegations inconsistent with that statute.

30.     Paragraph 30 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors admit that the quotation appears in the cited statute.  Intervenors refer to the cited statute for its full terms and effect and deny any allegations inconsistent with that statute.

31.     Paragraph 31 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors admit that the quotation appears in the cited statute.  Intervenors refer to the cited statute for its full terms and effect and deny

any allegations inconsistent with that statute.  Intervenors deny the remaining allegations in this paragraph.

32.     Paragraph 32 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors admit that the quotations appear in the cited statute.  Intervenors refer to the cited statute for its full terms and effect and deny any allegations inconsistent with that statute.

33.     Paragraph 33 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors admit that the quotation appears in the cited statute.  Intervenors refer to the cited statute for its full terms and effect and deny any allegations inconsistent with that statute.

34.     Paragraph 34 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors admit that the quotations appear in the cited statutes.  Intervenors refer to the cited statutes for their full terms and effects and deny any allegations inconsistent with those statutes.  Intervenors deny any allegation or implication that the OCSA includes Okla. Stat. Ann. tit. 70 § 1-106.

35.     Paragraph 35 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors deny the allegations in this paragraph.

36.     Paragraph 36 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors refer to the cited statute for its full terms and effect and deny any allegations inconsistent with that statute.

37.     Intervenors deny the allegations in paragraph 37.

38.     Paragraph 38 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors refer to the OCSA for its full terms and effect and deny any allegations inconsistent with the OCSA.

39.     Paragraph 39 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors deny any allegation or implication that any Oklahoma charter schools are private.  As to the remaining allegations in this paragraph, Intervenors lack sufficient knowledge or information to form a belief about the truth of the allegations and therefore deny them.

40.     As to paragraph 40, Intervenors lack sufficient knowledge or information to form a belief about the truth of the allegations and therefore deny them.  Intervenors further reiterate their denial of any allegation or implication that any Oklahoma charter schools are private.

41.     Paragraph 41 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors admit that the quotations appear in the cited statute.  Intervenors refer to the cited statutes for their full terms and effect and deny any allegations inconsistent with those statutes.

### *The St. Isidore Case*

42.     As to paragraph 42, Intervenors admit that the cited decision pertained to Oklahoma's requirement that public schools, including public charter schools, be nonreligious.  Intervenors refer to the cited decision for its full terms and effect and deny any allegations inconsistent with that decision.

43. Intervenors admit the allegations in paragraph 43, except that Intervenors deny them insofar as the paragraph fails to explain that the approval was issued by the Charter School Board's predecessor entity—the Oklahoma Statewide Virtual Charter School Board.

44. Intervenors admit the allegations in paragraph 44, except that Intervenors refer to the cited opinion of the previous Oklahoma Attorney General for its full terms and effect and deny any allegations concerning the opinion that are inconsistent with it.

45. Paragraph 45 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors admit that the quotations appear in the cited statutes, except that "state" is not capitalized in Okla. Stat. Ann. tit. 74, § 18. Intervenors refer to the cited statutes for their full terms and effect and deny any allegations inconsistent with those statutes. As to the remaining allegations in this paragraph, Intervenors lack sufficient knowledge or information to form a belief about the truth of the allegations and therefore deny them.

46. Paragraph 46 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors admit that the quotation appears in the cited decision. Intervenors refer to the cited decision for its full terms and effect and deny any allegations inconsistent with that decision.

47. Paragraph 47 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors incorporate their response to paragraph 48 below. Intervenors otherwise lack sufficient knowledge or information to form a belief about the truth of the allegations and therefore deny them.

48.    As to paragraph 48, Intervenors admit that the quotations appear in the cited material.  Intervenors refer to the cited material for its full terms and effect and deny any allegations inconsistent with that material.

49.    Paragraph 47 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors admit that, in the cited decision, the Oklahoma Supreme Court ruled 6–2 in favor of the Attorney General.  Intervenors refer to the cited decision for its full terms and effect and deny any allegations inconsistent with that decision.

50.    Intervenors admit the allegations in paragraph 50.

51.    Intervenors admit the allegations in paragraph 51.

52.    As to paragraph 52, Intervenors incorporate their response to paragraph 53 below.  Intervenors otherwise lack sufficient knowledge or information to form a belief about the truth of the allegations and therefore deny them.

53.    As to paragraph 53, Intervenors admit that the quotation appears in the cited material.  Intervenors refer to the cited material for its full terms and effect and deny any allegations inconsistent with that material.

54.    Paragraph 54 appears to be a heading that was mistakenly numbered as a paragraph and contains no assertions that can be admitted or denied.

55.    Intervenors admit the allegations of the second sentence of paragraph 55. Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence in paragraph 55 and therefore deny the allegations therein.

56.    Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 56 and therefore deny the allegations therein.

57.    Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 57 and therefore deny the allegations therein.

58.    Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 58 and therefore deny the allegations therein, except that Intervenors admit that the quotation appears in the cited material.

59.    Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 59 and therefore deny the allegations therein.

60.    Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 60 and therefore deny the allegations therein.

61.    Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 61 and therefore deny the allegations therein.

62.    Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 62 and therefore deny the allegations therein, except that Intervenors admit that the quotation appears in the cited material.

63.    Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 63 and therefore deny the allegations therein.

64.    Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 64 and therefore deny the allegations therein.

65.    Intervenors admit the allegations of the first sentence of paragraph 65.  As to the second sentence of paragraph 65, Intervenors lack sufficient knowledge or

information to form a belief as to whether Exhibit 2 is a true and correct copy of the application Ben Gamla submitted in December 2025, and therefore Intervenors deny the allegations of that sentence.

66.    As to paragraph 66, Intervenors admit that Ben Gamla aims to create a charter school that would provide its students with a deep cultural and ethical grounding derived from the Jewish faith, heritage, and tradition.  Intervenors lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 66 and therefore deny the allegations therein.

67.    Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 67 and therefore deny the allegations therein.

68.    Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 68 and therefore deny the allegations therein.

69.    Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 69 and therefore deny the allegations therein.

70.    Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 70 and therefore deny the allegations therein.

71.    Intervenors admit the allegations in paragraph 71.

72.    As to paragraph 72, Intervenors admit that the quotation appears in the cited material.  Intervenors refer to the cited material for its full terms and effect and deny any allegations inconsistent with that material.

73.    Intervenors admit the allegations in paragraph 73.

74.     As to paragraph 74, Intervenors admit that the quotation appears in the cited material.  Intervenors refer to the cited material for its full terms and effect and deny any allegations inconsistent with that material.

75.     Intervenors admit the allegations in paragraph 75.

76.     Intervenors admit the allegations in paragraph 76.

77.     As to paragraph 77, Intervenors admit that Ben Gamla School intends to further a religious mission.  As to the remaining allegations in paragraph 77, Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny them.

78.     Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 78 and therefore deny the allegations therein.

79.     Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 79 and therefore deny the allegations therein.

80.     Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 80 and therefore deny the allegations therein.

81.     Paragraph 81 appears to be a heading that was mistakenly numbered as a paragraph and contains no assertions that can be admitted or denied.

82.     Intervenors admit the allegations in paragraph 82, except that Intervenors note that the presentation took place at a regular Board meeting and deny that the term "hearing" properly describes the event.

83.     Intervenors admit the allegations in paragraph 83.

84.    As to paragraph 84, Intervenors admit that the quotation appears in the cited video.  Intervenors refer to the cited video for its full content and effect and deny any allegations inconsistent with that material.

85.    As to paragraph 85, Intervenors admit that the quotations appear in the cited video.  Intervenors refer to the cited video for its full content and effect and deny any allegations inconsistent with that material.

86.    Intervenors admit that the Board voted unanimously to reject Ben Gamla's application, as stated in paragraph 86.

87.    As to paragraph 87, Intervenors admit that the quotations appear in the cited video.  Intervenors refer to the cited video for its full content and effect and deny any allegations inconsistent with that material.  Intervenors further deny any allegation or implication that the Oklahoma Supreme Court's decision in *Drummond ex rel. State v. Oklahoma Statewide Virtual Charter School Board*, 558 P.3d 1 (Okla. 2024), rendered any issues with Ben Gamla's application not addressed by that decision immaterial to the Board's discussion.

88.    As to paragraph 88, Intervenors admit that the quotations appear in the cited video.  Intervenors refer to the cited video for its full content and effect and deny any allegations inconsistent with that material.

89.    As to paragraph 89, Intervenors refer to the above-cited video of the February 9, 2026 Board meeting for its full terms and effect and deny any allegations inconsistent with that material.

90.     As to paragraph 90, Intervenors admit that the quotations appear in the cited video. Intervenors refer to the cited video for its full content and effect and deny any allegations inconsistent with that material.

91.     As to paragraph 91, Intervenors admit that the quotations appear in the cited video. Intervenors refer to the cited video for its full content and effect and deny any allegations inconsistent with that material.

92.     As to paragraph 92, Intervenors admit that the quotation appears in the cited video. Intervenors refer to the cited video for its full content and effect and deny any allegations inconsistent with that material.

93.     As to paragraph 93, Intervenors admit that the quotation appears in the cited video. Intervenors refer to the cited video for its full content and effect and deny any allegations inconsistent with that material.

94.     As to paragraph 94, Intervenors admit that the Board unanimously denied Ben Gamla's application at the Board's February 9, 2026 meeting, citing the reasons stated on the record. Intervenors deny any allegation or implication that the reasons stated on the record were limited to the Oklahoma Supreme Court's decision in *Drummond*.

95.     Intervenors admit the allegations in paragraph 95.

96.     Intervenors admit that the statement quoted in paragraph 96 was in the press release. Intervenors deny any allegation or implication that the reasons for the Board's denial of the application were limited to the Oklahoma Supreme Court's decision in *Drummond*.

15

97.     As to paragraph 97, Intervenors admit that the quotation appears in the cited material.  Intervenors refer to the cited material for its full terms and effect and deny any allegations inconsistent with that material.

98.     As to paragraph 98, Intervenors admit that the quotation appears in the cited material.  Intervenors refer to the cited material for its full terms and effect and deny any allegations inconsistent with that material.

99.     Intervenors admit that the Board sent a formal rejection letter to Ben Gamla on February 13.  Intervenors refer to the cited material for its full terms and effect and deny any allegations inconsistent with that material.

100.    Paragraph 100 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors admit that Ben Gamla submitted an addendum to its application on or about February 27, 2026.  Intervenors deny that the addendum cured all defects noted by the Board in addition to the requirement that charter schools be secular.  Intervenors further refer to the cited materials for their full terms and effect and deny any allegations inconsistent with those materials.

101.    As to paragraph 101, Intervenors admit that, on March 9, 2026, the Board met and discussed Ben Gamla's application and addendum.  Intervenors deny that Ben Gamla ever submitted a complete revised application.

102.    As to paragraph 102, Intervenors admit that the quotations appear in the cited video.  Intervenors deny that Ben Gamla's addendum cured all defects previously noted by the Board in addition to the requirement that charter schools be secular.

Intervenors further refer to the cited video for its full content and effect and deny any allegations inconsistent with that material.

103.    As to paragraph 103, Intervenors admit that the Board voted unanimously to deny Ben Gamla's application for the reasons stated on the record by board staff. Intervenors refer to the cited video for its full content and effect and deny any allegations inconsistent with that material.

104.    As to paragraph 104, Intervenors admit that Mr. Lusnia sent the letter attached as Exhibit 6 on or about March 10, 2026.  Intervenors refer to that letter for its full terms and effect and deny any allegations inconsistent with it.

105.    As to paragraph 105, Intervenors admit that, on or about March 11, 2026, Attorney General Drummond filed a petition for writ of mandamus in Oklahoma state district court.  Intervenors refer to that petition for its full terms and effect and deny any allegations inconsistent with it.

106.    As to paragraph 106, Intervenors admit that the quotation appears in the cited material.  Intervenors refer to the cited material for its full terms and effect and deny any allegations inconsistent with that material.

## CLAIMS FOR RELIEF
### COUNT I
**42 U.S.C. § 1983**
**FREE EXERCISE CLAUSE VIOLATION**
**CATEGORICAL EXCLUSION FROM OTHERWISE-**
**AVAILABLE GOVERNMENT BENEFITS**

107.    Intervenors repeat and reiterate their responses to paragraphs 1–106 as if fully set forth herein.

108.    Paragraph 108 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors admit that this paragraph quotes the First Amendment of the United States Constitution.

109.    Paragraph 109 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors admit the allegations in this paragraph.

110.    Paragraph 110 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors admit that the quotation appears in the cited decisions.  Intervenors refer to the cited decisions for their full terms and effect and deny any allegations inconsistent with those decisions.

111.    Paragraph 111 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors refer to the cited decision for its full terms and effect and deny any allegations inconsistent with that decision.

112.    Intervenors lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 112 and therefore deny the allegations therein.

113.    Paragraph 113 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors deny the allegations in this paragraph.

114.    Paragraph 114 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors deny the allegations in this paragraph.

115.    Paragraph 115 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors deny the allegations in this paragraph.

116.    Paragraph 116 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors deny the allegations in this paragraph.

117.    Paragraph 117 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors deny the allegations in this paragraph.

118.    Paragraph 118 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors deny the allegations in this paragraph.

119.    Paragraph 119 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors deny the allegations in this paragraph.

120.    Paragraph 120 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors refer to the cited statute for its full terms and effect and deny any allegations inconsistent with that statute.

121.    Paragraph 121 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors deny the allegations in this paragraph.

122.    Paragraph 122 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors deny the allegations in this paragraph.

## COUNT II

### 42 U.S.C. § 1983
### FREE EXERCISE CLAUSE VIOLATION
### NOT GENERALLY APPLICABLE

123.    Intervenors repeat and reiterate their responses to paragraphs 1–122 as if fully set forth herein.

124.    Paragraph 124 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors admit that the quotation appears in the cited decision.  Intervenors refer to the cited decision for its full terms and effect and deny any allegations inconsistent with that decision.

125.    Paragraph 125 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors admit that the quotation appears in the quoted decision.  Intervenors refer to the cited decisions for their full terms and effect and deny any allegations inconsistent with those decisions.

126.    Paragraph 126 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors deny the allegations in this paragraph.

127.    Paragraph 127 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors deny the allegations in this paragraph.

128.    Paragraph 128 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors deny the allegations in this paragraph.

129.    Paragraph 129 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors refer to the cited statute for its full terms and effect and deny any allegations inconsistent with that statute.

130.    Paragraph 130 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors deny the allegations in this paragraph.

131.    Paragraph 131 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors deny the allegations in this paragraph.

## COUNT III
### 42 U.S.C. § 1983
#### FREE EXERCISE CLAUSE VIOLATION
#### NOT NEUTRAL

132.    Intervenors repeat and reiterate their responses to paragraphs 1–131 as if fully set forth herein.

20

133.    Paragraph 133 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors admit that the quotation appears in the cited decision.  Intervenors refer to the cited decision for its full terms and effect and deny any allegations inconsistent with that decision.

134.    Paragraph 134 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors admit that the quotation appears in the cited decision.  Intervenors refer to the cited decision for its full terms and effect and deny any allegations inconsistent with that decision.

135.    Paragraph 135 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors deny the allegations in this paragraph.

136.    Paragraph 136 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors deny any allegation or implication that Oklahoma's charter-school system violates the First Amendment.

137.    Paragraph 137 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors deny any allegation or implication that Oklahoma's charter-school system violates the First Amendment.

138.    Paragraph 138 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors deny the allegations in this paragraph.

139.    Paragraph 139 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors deny the allegations in this paragraph.

140.    Paragraph 140 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors refer to the cited statute for its full terms and effect and deny any allegations inconsistent with that statute.

141.    Paragraph 141 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors deny the allegations in this paragraph.

142.    Paragraph 142 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors deny the allegations in this paragraph.

## COUNT IV
### 42 U.S.C. § 1983
#### EQUAL PROTECTION VIOLATION
#### DISCRIMINATION BASED ON RELIGION

143.    Intervenors repeat and reiterate their responses to paragraphs 1–142 as if fully set forth herein.

144.    Paragraph 144 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors refer to the cited constitutional provision and caselaw interpreting it for its full terms and effect and deny any allegations inconsistent with those materials.

145.    Paragraph 145 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors deny the allegations in this paragraph.

146.    Paragraph 146 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors deny the allegations in this paragraph.

147.    Paragraph 147 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors deny the allegations in this paragraph.

148.    Paragraph 148 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors deny the allegations in this paragraph.

149.    Paragraph 149 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors refer to the cited statute for its full terms and effect and deny any allegations inconsistent with that statute.

150.    Paragraph 150 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors deny the allegations in this paragraph.

151.    Paragraph 151 contains legal conclusions to which no response is required. To the extent a response is required, Intervenors deny the allegations in this paragraph.

## PRAYER FOR RELIEF

Plaintiffs' characterization of the relief they seek does not require a response. To the extent a response is required, Intervenors deny the allegations in the prayer for relief and further deny that Plaintiffs are entitled to the requested relief, or any relief.

## AFFIRMATIVE DEFENSES

Without admitting that any Defendant engaged in the acts or conduct alleged in Plaintiffs' Complaint, or that any such acts or conduct would entitle Plaintiffs to the relief they seek, Intervenors assert the following Affirmative Defenses to the claims alleged, without assuming the burden of proof or persuasion where the burden rests on Plaintiffs. By asserting the Affirmative Defenses below, Intervenors do not waive or limit any defenses that may be raised by their denials, allegations, or averments set forth elsewhere in this Answer. These Affirmative Defenses are pleaded in the alternative and are asserted to preserve Intervenors' rights. They are without prejudice to Intervenors'

23

ability to assert additional defenses as may become available or apparent.  Intervenors reserve the right to amend or supplement these defenses as permitted by law.

**FIRST DEFENSE**
**(Failure to State a Claim)**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**
**(Lack of Article III Standing)**

Plaintiffs lack Article III standing to assert the claims alleged in the Complaint.

**THIRD DEFENSE**
**(Ripeness)**

Plaintiffs' claims are premature and not ripe for adjudication.

**FOURTH DEFENSE**
**(Relief Barred by Federal and State Law)**

Granting the relief that Plaintiffs seek or other relief on their claims would violate the United States Constitution, the Oklahoma Constitution, and applicable federal and state law.

Respectfully submitted on June 9, 2026.

s/ Alex J. Luchenitser

Brent Rowland, OBA No. 13415
Morgan Bandy, WI Bar No. 1130673*
Oklahoma Appleseed Center for
    Law & Justice
624 S. Denver Ave., Suite 400
Tulsa, OK 74119
Telephone: (918) 519-5750
brent@okappleseed.org /
morgan@okappleseed.org

Daniel Mach, DC Bar No. 461652*
Heather L. Weaver, DC Bar No. 495582*
American Civil Liberties Union
    Foundation
915 15th Street, NW, Suite 600
Washington, DC 20005
Telephone: (202) 675-2330
dmach@aclu.org / hweaver@aclu.org

Nancy A. Noet, WI Bar No. 1023106*
Samuel T. Grover, WI Bar No. 1096047*
Freedom From Religion Foundation
PO Box 750
Madison, WI 53701
Telephone: (608) 256-8900
noetn@ffrf.org / sgrover@ffrf.org

Alex J. Luchenitser,
DC Bar No. 473393*
Luke Anderson, DC Bar No. 90042004*
Americans United for Separation of
    Church and State
1310 L Street NW, Suite 200
Washington, DC 20005
Telephone: (202) 466-7306 /
(202) 898-2134
luchenitser@au.org / anderson@au.org

Jessica Levin, CA Bar No. 338240*
Wendy Lecker, NY Bar No. 2283125*
Patrick Cremin, CA Bar No. 345406*
Katrina Reichert, CA Bar No. 357984*
Education Law Center
60 Park Place, Suite 300
Newark, NJ 07102
Telephone: (973) 624-1815
JLevin@edlawcenter.org /
WLecker@edlawcenter.org /
PCremin@edlawcenter.org /
KReichert@edlawcenter.org

*Attorneys for Intervenors Rabbi Daniel Kaiman, et al.*
*Admitted pro hac vice.*

25