# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

THE NATIONAL BEN GAMLA JEWISH     )
CHARTER SCHOOL FOUNDATION, INC.,     )
*et al.,*     )
     )
        Plaintiffs,     )
     )     Case No. 5:26-cv-00582-R
v.     )
     )
REBECCA WILKINSON, in her official     )
capacity As Executive Director of the     )
Statewide Charter School Board, *et al.*     )
     )
        Defendants.     )

## ANSWER OF INTERVENORS CRICKET MOORE, CATHLEEN TICHENOR, DANIEL HENSLEY, LUZ CRUZ, AND LARISSA PORT[1]

Intervenors Cricket Moore, Cathleen Tichenor, Daniel Hensley, Luz Cruz, and Larissa Port ("Oklahoma Families"), by and through undersigned counsel, submit the following Answer and Affirmative Defenses to the Complaint filed by Plaintiffs National Ben Gamla Jewish Charter School Foundation, Inc. and Peter Deutsch, ("Plaintiffs") on March 24, 2026 [Doc. No. 1].

1.      The allegations in Paragraph 1 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

---

[1] This Answer is identical to the proposed answer [Doc. No. 66-6] submitted with the Oklahoma Families' Motion to Intervene, except: (1) the caption has been changed to reflect the most recent caption utilized by the Court [Doc. No. 90] recognizing the Motion to Modify Caption by Defendant Brian Shellem has not been ruled upon by this Court; (2) updated responses to paragraphs 14, 15, 17, 22, and 25; (3) added a certificate of service; and (4) added this footnote.

2.      Oklahoma Families admit that Oklahoma charter schools have various focuses and that tribally authorized charter schools exist in Oklahoma.  Oklahoma Families are without sufficient information to admit or deny the remaining allegations of Paragraph 2 and therefore deny the same.

3.      The allegations in Paragraph 3 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

4.      The allegations in Paragraph 4 of the Complaint constitute legal statements and/or conclusions, therefore, no response is required nor intended.

5.      The allegations in Paragraph 5 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

6.      The allegations in Paragraph 6 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

7.      The allegations in Paragraph 7 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

8.      The allegations in Paragraph 8 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required not intended.

9.      Oklahoma Families lack sufficient knowledge to admit or deny the allegations of Paragraph 9 and therefore deny the same.

10.     The allegations in Paragraph 10 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required not intended.

11.     A response to the relief sought by Plaintiffs is not required.

## THE PARTIES[2]

12.     Oklahoma Families lack sufficient knowledge to admit or deny the allegations of Paragraph 12 and therefore deny the same.

13.     Oklahoma Families lack sufficient knowledge to admit or deny the allegations of Paragraph 13 and therefore deny the same.

14.     Oklahoma Families admit Gentner Drummond is the Attorney General of Oklahoma and is sued in his official capacity.  The Court granted Gentner Drummond's motion to dismiss on June 9, 2026 [Doc. No. 90].  The remaining allegations of Paragraph 14 are denied.

15.     Oklahoma Families deny the allegations in Paragraph 15 of the Complaint. The plaintiffs voluntarily dismissed their claims against Rebecca Wilkinson on April 15, 2026 [Doc. No. 56].

16.     Oklahoma Families admit the allegations in Paragraph 16 of the Complaint.

17.     Oklahoma Families deny the allegations in Paragraph 17 of the Complaint. Britni Tomcho has been replaced by Marshall Baker, who is automatically substituted for her as a defendant under Fed.R.Civ.P. 25(d).

18.     Oklahoma Families admit the allegations in Paragraph 18 of the Complaint.

19.     Oklahoma Families admit the allegations in Paragraph 19 of the Complaint.

20.     Oklahoma Families admit the allegations in Paragraph 20 of the Complaint.

21.     Oklahoma Families admit the allegations in Paragraph 21 of the Complaint.

---

[2] For ease of reference only, Oklahoma Families utilize the same headings utilized by Plaintiffs in their Complaint.

22. Oklahoma Families deny the allegations in Paragraph 22 of the Complaint. David Rutkauska has been replaced by Stephanie Savage, who is automatically substituted for him as a defendant under Fed.R.Civ.P. 25(d).

23. Oklahoma Families admit the allegations in Paragraph 23 of the Complaint.

24. Oklahoma Families admit the allegations in Paragraph 24 of the Complaint.

25. Oklahoma Families admit the allegations in Paragraph 25 of the Complaint. The plaintiffs voluntarily dismissed their claims against Skyler H. Lusnia on April 15, 2026 [Doc. No. 56].

## JURISDICTION AND VENUE

26. The allegations in Paragraph 26 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

27. The allegations in Paragraph 27 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

## FACTUAL ALLEGATIONS

### *The Oklahoma Charter Schools Act*

28. The allegations in Paragraph 28 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

29. The allegations in Paragraph 29 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

30. The allegations in Paragraph 30 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

4

31.     The allegations in Paragraph 31 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

32.     The allegations in Paragraph 32 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

33.     The allegations in Paragraph 33 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

34.     The allegations in Paragraph 34 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

35.     The allegations in Paragraph 35 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

36.     The allegations in Paragraph 36 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

37.     Oklahoma Families deny the allegations in Paragraph 37 of the Complaint.

38.     The allegations in Paragraph 38 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

39.     Oklahoma Families lack sufficient knowledge to admit or deny the allegations of Paragraph 39 and therefore deny the same.  For additional answer, Oklahoma Families deny any allegation or implication that any Oklahoma charter schools are private.

40.     Oklahoma Families admit there are tribally authorized charter schools. Oklahoma Families lack sufficient knowledge or admit or deny the allegations of Paragraph 40 and therefore deny the same.

41.     The allegations in Paragraph 41 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

***The St. Isidore Case***

42.     Oklahoma Families admit the allegations of Paragraph 42 of the Complaint.

43.     Oklahoma Families admit the allegations in Paragraph 43 of the Complaint with the exception that the Charter School Board was then known as Oklahoma Statewide Virtual Charter School Board.

44.     The opinion cited speaks for itself.  Oklahoma Families deny the allegations of Paragraph 44 that are inconsistent with the opinion.

45.     The allegations in Paragraph 45 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

46.     The allegations in Paragraph 46 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended

47.     Oklahoma Families lack sufficient knowledge to admit or deny the allegations of Paragraph 47 and therefore deny the same.

48.     The Attorney General's brief speaks for itself.  Oklahoma Families deny the allegations of Paragraph 48 that are inconsistent with the brief.

49.     Oklahoma Families admit that the Oklahoma Supreme Court ruled against St. Isidore and the Board. The Oklahoma Supreme Court opinion speaks for itself. Oklahoma Families deny the allegations of Paragraph 49 that are inconsistent with the opinion.

50.     Oklahoma Families admit the allegations in Paragraph 50 of the Complaint.

51.     Oklahoma Families admit the allegations in Paragraph 51 of the Complaint.

52.     Oklahoma Families lack sufficient knowledge to admit or deny the allegations of Paragraph 52 and therefore deny the same.

53.     The press release speaks for itself.  Oklahoma Families deny the allegations of Paragraph 53 that are inconsistent with the press release.

54.     Oklahoma Families are without sufficient knowledge to admit or deny the allegations of Paragraph 54 which appears to be an incomplete allegation or typographical error.

55.     Oklahoma Families lack sufficient knowledge to admit or deny the allegations of Paragraph 55 and therefore deny the same.

56.     Oklahoma Families lack sufficient knowledge to admit or deny the allegations of Paragraph 56 and therefore deny the same.

57.     Oklahoma Families lack sufficient knowledge to admit or deny the allegations of Paragraph 57 and therefore deny the same.

58.     Oklahoma Families lack sufficient knowledge to admit or deny the allegations of Paragraph 58 and therefore deny the same.

59.     Oklahoma Families lack sufficient knowledge to admit or deny the allegations of Paragraph 59 and therefore deny the same.

60.     Oklahoma Families lack sufficient knowledge to admit or deny the allegations of Paragraph 60 and therefore deny the same.

61.     Oklahoma Families lack sufficient knowledge to admit or deny the allegations of Paragraph 61 and therefore deny the same.

62.     Oklahoma Families lack sufficient knowledge to admit or deny the allegations of Paragraph 62 and therefore deny the same.

63.     Oklahoma Families lack sufficient knowledge to admit or deny the allegations of Paragraph 63 and therefore deny the same.

64.     Oklahoma Families lack sufficient knowledge to admit or deny the allegations of Paragraph 64 and therefore deny the same.

65.     Oklahoma Families admit the allegations of sentence 1 of Paragraph 65 but lack sufficient knowledge to admit or deny the remaining allegations and therefore deny the same.

66.     Oklahoma Families admit that Plaintiff Ben Gamla aims to create a religious charter school in Oklahoma but lack sufficient knowledge to admit or deny the remaining allegations of Paragraph 66 and therefore deny the same.

67.     Oklahoma Families lack sufficient knowledge to admit or deny the allegations of Paragraph 67 and therefore deny the same.

68.     Oklahoma Families lack sufficient knowledge to admit or deny the allegations of Paragraph 68 and therefore deny the same.

69.     Oklahoma Families lack sufficient knowledge to admit or deny the allegations of Paragraph 69 and therefore deny the same.

70.     Oklahoma Families lack sufficient knowledge to admit or deny the allegations of Paragraph 70 and therefore deny the same.

71.     Oklahoma Families admit the allegations in Paragraph 71 of the Complaint.

72.    Oklahoma Families lack sufficient knowledge to admit or deny the allegations of Paragraph 72 and therefore deny the same.

73.    Oklahoma Families admit the allegations in Paragraph 73 of the Complaint.

74.    Oklahoma Families lack sufficient knowledge to admit or deny the allegations of Paragraph 74 and therefore deny the same.

75.    Oklahoma Families admit the Plaintiffs have a distinctive religious mission and that the quoted text appears in the cited material.

76.    Oklahoma Families admit the allegations in Paragraph 76 of the Complaint.

77.    Oklahoma Families admit Plaintiffs intend to further a religious mission. Oklahoma Families lack sufficient knowledge to admit or deny the remaining allegations of Paragraph 77 and therefore deny the same.

78.    Oklahoma Families lack sufficient knowledge to admit or deny the allegations of Paragraph 78 and therefore deny the same.

79.    Oklahoma Families lack sufficient knowledge to admit or deny the allegations of Paragraph 79 and therefore deny the same.

80.    Oklahoma Families lack sufficient knowledge to admit or deny the allegations of Paragraph 80 and therefore deny the same.

81.    Oklahoma Families are without sufficient knowledge to admit or deny the allegations of Paragraph 81 which appear to be an incomplete allegation or typographical error.

82.    Oklahoma Families admit Deutsch presented information during the OKCSB meeting referenced in Paragraph 82.

83.     Oklahoma Families admit the allegations in Paragraph 83 of the Complaint.

84.     Oklahoma Families admit the quotes within the allegations are contained in the referenced video. Oklahoma Families deny the allegations of Paragraph 84 inconsistent with the recorded discussion.

85.     Oklahoma Families admit the quotes within the allegations are contained in the referenced video. Oklahoma Families deny the allegations of Paragraph 85 inconsistent with the recorded discussion.

86.     Oklahoma Families admit the allegations in Paragraph 86 of the Complaint.

87.     Oklahoma Families admit the quotes within the allegations are contained in the referenced video.  Oklahoma Families deny the allegations of Paragraph 87 inconsistent with the recorded discussion.

88.     Oklahoma Families admit the quotes within the allegations are contained in the referenced video. Oklahoma Families deny the allegations of Paragraph 88 inconsistent with the recorded discussion.

89.     Oklahoma Families deny the allegations of Paragraph 89 inconsistent with the recorded discussion referenced in Paragraphs 83-88 of the Complaint.

90.      Oklahoma Families admit the quotes within the allegations are contained in the referenced video. Oklahoma Families deny the allegations of Paragraph 90 inconsistent with the recorded discussion.

91.     Oklahoma Families admit the quotes within the allegations are contained in the referenced video. Oklahoma Families deny the allegations of Paragraph 91 inconsistent with the recorded discussion.

92.    Oklahoma Families admit the quote within the allegations is contained in the referenced video. Oklahoma Families deny the allegations of Paragraph 92 inconsistent with the recorded discussion.

93.    Oklahoma Families admit the quote within the allegations is contained in the referenced video. Oklahoma Families deny the allegations of Paragraph 93 inconsistent with the recorded discussion.

94.    Oklahoma Families admit the application was denied. Oklahoma Families deny the remaining allegations of Paragraph 94 inconsistent with the recorded discussion.

95.    Oklahoma Families admit the allegations in Paragraph 95 of the Complaint.

96.    Oklahoma Families admit the quoted text within the allegations is contained in the referenced press release.

97.    Oklahoma Families admit the quoted text within the allegations is contained in the referenced press release.

98.    Oklahoma Families admit the quoted text within the allegations is contained within the press release.

99.    The rejection letter speaks for itself.  Oklahoma Families deny the allegations of Paragraph 99 that are inconsistent with the rejection letter.

100.    The addendum to Ben Gamla's application speaks for itself.  Oklahoma Families deny the allegations of Paragraph 100 inconsistent with the addendum. The remaining allegations in Paragraph 100 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

101.    Oklahoma Families lack sufficient knowledge to admit or deny the allegations of Paragraph 101 and therefore deny the same.

102.    Oklahoma Families admit the quotes within the allegations are contained in the referenced video. Oklahoma Families deny the allegations of Paragraph 102 inconsistent with the recorded discussion.

103.    Oklahoma Families admit the Board unanimously denied the application. Oklahoma Families deny the allegations of Paragraph 103 inconsistent with the recorded discussion.

104.    The denial letter speaks for itself.  Oklahoma Families deny the allegations of Paragraph 104 inconsistent with the letter.

105.    The petition for writ of mandamus filed on March 11, 2026, speaks for itself. Oklahoma Families deny the allegations in Paragraph 105 inconsistent with the filed petition for writ of mandamus.

106.    Oklahoma Families admit the quoted text within the allegations is contained within the petition for writ of mandamus. Oklahoma Families deny the allegations in Paragraph 106 inconsistent with the filed petition for writ of mandamus.

## CLAIMS FOR RELIEF

### COUNT 1

**42 U.S.C. § 1983 FREE EXERCISE CLAUSE VIOLATION CATEGORICAL EXCLUSION FROM OTHERWISE AVAILABLE GOVERNMENT BENEFITS**

107.    Oklahoma Families incorporate by reference and restate their responses to Paragraphs 1-106 herein.

12

108.    The allegations in Paragraph 108 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended

109.    The allegations in Paragraph 109 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

110.    The allegations in Paragraph 110 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

111.    The allegations in Paragraph 111 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

112.    Oklahoma Families lack sufficient information to admit or deny the allegations in Paragraph 112 and therefore deny same.

113.    The allegations in Paragraph 113 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

114.    The allegations in Paragraph 114 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

115.    The allegations in Paragraph 115 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

116.    The allegations in Paragraph 116 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

117.    The allegations in Paragraph 117 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

118.    The allegations in Paragraph 118 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

119.    The allegations in Paragraph 119 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

120.    The allegations in Paragraph 120 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

121.    The allegations in Paragraph 121 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

122.    The allegations in Paragraph 122 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

## COUNT II

**42 U.S.C. § 1983**
**FREE EXERCISE CLAUSE VIOLATION**
**NOT GENERALLY APPLICABLE**

123.    Oklahoma Families incorporate by reference and restate their responses to Paragraphs 1-122 herein.

124.    The allegations in Paragraph 124 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

125.    The allegations in Paragraph 125 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

126.    The allegations in Paragraph 126 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

127.    The allegations in Paragraph 127 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

128.    The allegations in Paragraph 128 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

129.    The allegations in Paragraph 129 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

130.    The allegations in Paragraph 130 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

131.    The allegations in Paragraph 131 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

**COUNT III**

**42 U.S.C. § 1983**
**FREE EXERCISE CLAUSE VIOLATION NOT NEUTRAL**

132.    Oklahoma Families incorporate by reference and restate their responses to Paragraphs 1-131 herein.

133.    The allegations in Paragraph 133 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

134.    The allegations in Paragraph 134 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

135.    The allegations in Paragraph 135 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

136.    The allegations in Paragraph 136 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

137.    The allegations in Paragraph 137 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.  For further answer, Oklahoma Families deny any implication that OCSA is hostile toward religious groups.

138.    The allegations in Paragraph 138 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

139.    The allegations in Paragraph 139 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

140.    The allegations in Paragraph 140 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

141.    The allegations in Paragraph 141 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

142.    The allegations in Paragraph 142 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

## COUNT IV

### 42 U.S.C. § 1983
### EQUAL PROTECTION VIOLATION
### DISCRIMINATION BASED ON RELIGION

143.    Oklahoma Families incorporate by reference and restate their responses to Paragraphs 1-142 herein.

144.    The allegations in Paragraph 144 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

145.    The allegations in Paragraph 145 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

146. The allegations in Paragraph 146 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

147. The allegations in Paragraph 147 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

148. The allegations in Paragraph 148 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

149. The allegations in Paragraph 149 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

150. The allegations in Paragraph 150 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

151. The allegations in Paragraph 151 of the Complaint constitute legal statements and/or conclusions; therefore, no response is required nor intended.

**PRAYER FOR RELIEF**

With respect to the Paragraph beginning "WHEREFORE," including subparagraphs A through E, Oklahoma Families deny any and all allegations therein and strictly deny that Plaintiffs are entitled to any relief.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief can be granted.

2. Granting the relief the Plaintiffs seek would jeopardize federal and state benefits relied upon by the Oklahoma Families.

WHEREFORE, Oklahoma Families pray that Plaintiffs take nothing by way of their Complaint and for such other and further relief as the Court deems appropriate under the circumstances.

Respectfully submitted,

s/ Heather Hendricks
Ryan Leonard, OBA #19155
Heidi J. Long, OBA #17667
Heather N. Hendricks, OBA #20996
LEONARD, LONG & CASSIL, PLLC
6301 N. Western, Suite 250
Oklahoma City, OK  73118
(405) 702-9900
rleonard@llc-attorneys.com
hlong@llc-attorneys.com
hhendricks@llc-attorneys.com

***Attorneys for Intervenor-Defendants
Cricket Moore, Cathleen Tichenor, Daniel
Hensley, Luz Cruz and Larissa  Port***

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2026, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing.  Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

s/ Heather Hendricks