**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

---

|  |  |
|---|---|
| ----------------------------------------------------------- : <br> THE NATIONAL BEN GAMLA JEWISH <br> CHARTER SCHOOL FOUNDATION, INC., : <br> et al., <br><br> *Plaintiffs*, <br><br> -against- <br><br> BRIAN T. SHELLEM, in his official capacity <br> as Chairman of the Statewide Charter School <br> Board, et al., <br><br> *Defendants*, <br> ----------------------------------------------------------- : <br><br> RABBI DANIEL KAIMAN, et al., <br><br> *Intervenors.* <br> ----------------------------------------------------------- : <br><br> CRICKET MOORE, et al., <br><br> *Intervenors.* <br> ----------------------------------------------------------- | Case No. 5:26-cv-00582-R |

**JOINT STATUS REPORT AND DISCOVERY PLAN BY PLAINTIFFS, KAIMAN INTERVENORS, AND OKLAHOMA FAMILY INTERVENORS**[*]

**Date of Conference:**  June 23, 2026.

---

[*] Defendant members of the Oklahoma Statewide Charter School Board have asked Plaintiffs to represent to the Court the following: "On July 7, 2026, Judge Russell scheduled a telephonic status conference for all parties on July 16, 2026.  Board Defendants will presently abstain from contributing to the joint status report and proposed scheduling order.  Board Defendants are prepared to contribute to the joint status report and proposed scheduling order after that status conference is held, if necessary."

**Appearing for Plaintiffs:**  Eric S. Baxter, Daniel L. Chen, Benjamin Fleshman, Robert G. McCampbell, David A. Herber.

**Appearing for Defendant members of the Oklahoma Statewide Charter School Board:**  Hiram S. Sasser, III, Holly M. Randall, Erin E. Smith, Anthony J. Ferate.

**Appearing for Kaiman Intervenors (Rabbi Daniel Kaiman, et al., also referred to as "Oklahoma Taxpayers" or "Taxpayer Intervenors"):**  Alex J. Luchenitser, Luke Anderson, Morgan Bandy.

**Appearing for Oklahoma Family Intervenors (Cricket Moore, et al.):**  Ryan Leonard, Heidi J. Long, Heather Hendricks.

**Jury Trial Demanded ☑  -  Non-Jury Trial ☐**

Note: Kaiman Intervenors do not agree that Plaintiffs have a right to a jury trial.

1.     **BRIEF PRELIMINARY STATEMENT.  State briefly and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.**

**Plaintiffs' statement:** As an initial matter, Plaintiffs believe that submitting this Joint Status Report is premature. On July 7, the Court scheduled a telephonic status conference for July 16 to discuss the status of this case and current discovery disputes. To date, Taxpayer Intervenors are the only parties seeking to move forward with discovery, and no other party has responded in substance to the Proposed Schedule. Plaintiffs believe that discovery—especially the discovery that Taxpayer Intervenors are demanding—is unwarranted given that the sole issue before the Court is a legal one, namely whether charter schools are state actors. And even if this Court were to address questions about Ben Gamla's application, that review is limited to what is in the administrative record.

Thus, Plaintiffs maintain that submitting this Joint Status Report and any scheduling order is premature given both the July 16 status conference and the Court's pending decision on Plaintiffs' motion for preliminary injunction, which is currently scheduled for an August 5 hearing. Nonetheless, given that Taxpayer Intervenors are intent on filing this Joint Status Report, Plaintiffs have attempted to work with them in good faith. At this time, Plaintiffs are not submitting any proposed scheduling deadlines as they believe the scope of this case could materially change based on the Court's order on Plaintiffs' motion for preliminary injunction. Plaintiffs reserve all rights concerning discovery and scheduling deadlines pending further orders from the Court.

**Kaiman Intervenors' statement:**  Kaiman Intervenors believe that submission of a Joint Status Report and Discovery Plan and of a Proposed Scheduling Order before the initial status conference in this case helps inform the Court of issues that may be addressed at the conference and is required by Federal Rule of Civil Procedure 26(f)(1) and (2) and by Local Civil Rule 16.1(a)(2).  The Court has not excused the parties from this requirement.  Kaiman Intervenors further disagree with Plaintiffs' assertions relating to discovery, as discussed in § 8(F) below.

**Kaiman Intervenors' and Oklahoma Family Intervenors' joint statement concerning the substance of the case:**  Plaintiffs seek to establish a religious virtual charter school in Oklahoma.  The Oklahoma Statewide Charter School Board (whose members are defendants in their official capacities) denied Plaintiffs' charter-school application.  Oklahoma law requires that charter schools be nonreligious.  Plaintiffs allege that the Charter Board's decision violated the Free Exercise Clause of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment.

Kaiman Intervenors and Oklahoma Family Intervenors assert that the Charter Board did not violate the Constitution by denying Plaintiffs' application, including because charter schools are public schools and governmental entities or other state actors and thus are bound by the First Amendment's Establishment Clause and prohibited from teaching a religious curriculum.  Kaiman Intervenors additionally assert that Plaintiffs lack standing and that Plaintiffs' claims are unripe.

2.  **JURISDICTION.  State the basis on which the jurisdiction of the Court is invoked and any presently known objections.**

Plaintiffs assert federal-question jurisdiction.

Kaiman Intervenors assert that Plaintiffs lack standing and that this case is unripe.

Oklahoma Family Intervenors do not challenge jurisdiction.

3.  **STIPULATED FACTS.  List stipulations as to all facts that are not disputed, including jurisdictional facts.**

Plaintiffs state that they will submit stipulated facts when all Parties jointly submit a Joint Status Report or upon further direction by the Court.

Kaiman Intervenors believe that the following facts are undisputed:

3

i.    On or about November 3, 2025, Plaintiff Peter Deutsch submitted to the Oklahoma Statewide Charter School Board a letter of intent to apply for authorization to establish Ben Gamla Jewish Charter School.

ii.    In December 2025, Plaintiff The National Ben Gamla Jewish Charter School Foundation, Inc. submitted to the Charter Board an application for authorization to establish a charter school.

iii.    Ben Gamla aims to create a virtual charter school that would provide its students with a cultural and ethical grounding derived from the Jewish faith, heritage, and tradition.

iv.    The transmission of Jewish religious beliefs and practices to children is a core aspect of Ben Gamla's religious mission.  As part of that distinctive religious mission, students will receive instruction in Jewish religion, culture, values, rituals, texts, holidays, and practices.

v.    Ben Gamla believes that because G-d created the universe and orders all within it, a Jewish perspective permeates all subjects, including academics, and unifies all knowledge.

vi.    At the Charter Board's January 12, 2026 regular meeting, Plaintiff Deutsch made an oral presentation in support of Ben Gamla's charter-school application.

vii.    On February 9, 2026, the Charter Board discussed and voted on Ben Gamla's application.  The Charter Board voted unanimously to reject Ben Gamla's application.

viii.    On February 13, 2026, the Charter Board sent a formal rejection letter to Ben Gamla.

ix.    Ben Gamla submitted an addendum to its application on February 27, 2026.

x.    On March 9, 2026, the Charter Board met and discussed Ben Gamla's application and addendum.  The Charter Board voted unanimously to deny Ben Gamla's application.  A video recording of this meeting is available at https://www.youtube.com/watch?v=6hd17f_KoIw.

xi.    On March 10, 2026, Charter Board Director of School Performance Skyler Lusnia sent a formal rejection letter to Ben Gamla.  A true and correct copy of this letter has been filed as ECF No. 1-6.

Oklahoma Family Intervenors do not dispute the above facts and may present additional stipulated facts in any subsequent Joint Status Report.

4.     **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

    a.    <u>Plaintiffs</u>:  Plaintiffs assert that, by denying Ben Gamla's application for authorization of a religious charter school, the Charter Board violated the Free Exercise Clause of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment.  Plaintiffs allege that the Charter Board's decision triggers strict scrutiny under the Free Exercise Clause, contending that they were disqualified from a generally available governmental benefit solely because of their religious character and that Oklahoma's prohibition against religious charter schools is not neutral with respect to religion or generally applicable.  Plaintiffs further allege that this prohibition discriminates against religion and thus triggers strict scrutiny under the Equal Protection Clause.  Plaintiffs assert that the Charter Board Defendants cannot satisfy strict scrutiny with respect to any of Plaintiffs' claims.  Plaintiffs additionally contend that they are not state actors or otherwise engaged in state action.  Plaintiffs seek declaratory and injunctive relief and attorney's fees and costs.

    b.    <u>Intervenors</u>:  Kaiman Intervenors and Oklahoma Family Intervenors assert that Oklahoma charter schools are public schools and governmental entities or other state actors and thus are subject to the Establishment Clause and are prohibited from teaching a religious curriculum.  They further assert that, as governmental entities, charter schools cannot bring Free Exercise Clause claims.  Oklahoma Family Intervenors additionally contend that principles of federalism require deference to Oklahoma's determination of how it will provide public education to its citizens.  Kaiman Intervenors also assert that Plaintiffs have not demonstrated a redressable injury sufficient to confer standing because Plaintiffs' charter-application materials include deficiencies that disqualify Ben Gamla from eligibility for charter authorization even absent Oklahoma's requirement that charter schools be nonreligious.  And Kaiman Intervenors allege that this case is unripe, including because Plaintiffs have not completed necessary steps in the charter-application process.

5.     **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.
    **Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?**
        ☐ Yes ☑ No

6.     **MOTIONS PENDING AND/OR ANTICIPATED (include date of filing, relief requested, and date responsive brief to be filed).**

| Motions Pending | | | |
|---|---|---|---|
| **Date of filing** | **Motion** | **Relief requested** | **Date of response** |
| March 27, 2026 | Plaintiffs' Motion for Preliminary Injunction | Preliminary injunction | The Charter Board Defendants filed their response on April 17, 2026. Former Defendant Attorney General Gentner Drummond also filed a response on April 17, but he has since been dismissed from this case. Plaintiffs filed a reply to those responses on April 24. Kaiman Intervenors submitted a response on April 17, together with a motion for leave to file it, and that motion was granted and the response was deemed filed on July 7. Oklahoma Family Intervenors filed a response on June 17. Plaintiffs submitted a reply (together with a motion for leave to file it) to Kaiman Intervenors' response on June 18, that motion was granted on June 29, and Plaintiffs filed the reply on June 30. Plaintiffs filed a reply to Oklahoma Family Intervenors' response on July 1. |

| Motions Anticipated | | | |
|---|---|---|---|
| **Date of filing** | **Motion** | **Relief requested** | **Date of response** |
| By deadline for dispositive motions. | Kaiman Intervenors' Motion for Summary Judgment | Summary Judgment | Unless otherwise agreed upon by the parties and the Court, responsive briefs to be filed within 21 days of the filing of the motion. |
| By deadline for dispositive motions. | Plaintiffs' Motion for Summary Judgment | Summary Judgment | Unless otherwise agreed upon by the parties and the Court, responsive briefs to be filed within 21 days of the filing of the motion. |
| By deadline for dispositive motions. | Oklahoma Family Intervenors' Motion for Summary Judgment | Summary Judgment | Unless otherwise agreed upon by the parties and the Court, responsive briefs to be filed within 21 days of the filing of the motion. |

7.    **COMPLIANCE WITH RULE 26(a)(1)**.  **Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?**   □ Yes    ☑ No
**If "no," by what date will they be made?**

Kaiman Intervenors have served their Initial Disclosures.

The other parties contend that this case is exempted from the initial disclosure requirement under Fed. R. Civ. P. 26(a)(1)(B)(i) or are awaiting guidance from the Court on the matter of initial disclosures.

8.    **PLAN FOR DISCOVERY**.

A.    The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on June 23, 2026.

B.    **Kaiman Intervenors' position:** Kaiman Intervenors anticipate that discovery should be completed within nine months.

**Plaintiffs' position:** Plaintiffs oppose any discovery in this case as the sole issues before the Court are legal questions.

**Oklahoma Intervenors' position:** Oklahoma Family Intervenors will require substantially less discovery than the Kaiman Intervenors, and do not object to any party's ability to conduct necessary discovery.

C.    **In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session?**

Not applicable, as the parties agree that this case is not amenable to settlement.

D.    **Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?**

☑ Yes □ No

E.    **Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?**

☑ Yes □ No

**To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.**

_____

F.  **Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.**

**Plaintiffs' position:** Plaintiffs oppose discovery in this case as the sole issues before the Court are legal questions and the Taxpayer Intervenors lack authority to second guess the Charter Board's conclusions about Plaintiffs' capacity to run a charter school.

**Kaiman Intervenors' position:** Kaiman Intervenors believe that discovery should proceed now, so that the Court may have a complete record for determining whether it has jurisdiction to decide—and, if it does have jurisdiction, for deciding—the important constitutional issues presented by this case.  Kaiman Intervenors do not agree that the issues in this case are purely legal and that the Court lacks authority to assess, based on any pertinent evidence, whether Ben Gamla actually has the capacity to operate a charter school and satisfies the legal requirements—including ones unrelated to religion—for doing so.

Accordingly, Kaiman Intervenors served document requests and interrogatories upon Plaintiffs and the Charter Board Defendants on June 25, 2026.  Kaiman Intervenors seek discovery relating to both the merits of Plaintiffs' constitutional claims and whether Plaintiffs have standing and their claims are ripe.  The specific subjects of Kaiman Intervenors' desired discovery include: (1) Ben Gamla's planned curriculum and noncurricular requirements and activities; (2) whether Ben Gamla would discriminate in student admissions, student discipline, or employment based on religion, sexual orientation, gender identity, or other protected grounds; (3) whether Ben Gamla would adequately serve students with disabilities; (4) whether Ben Gamla has complied or will comply with various other requirements for applying for charter-school authorization and operating a charter school; (5) whether Ben Gamla has sufficient financial capacity to commence operation of a public charter school; (6) whether Ben Gamla would have

sufficient enrollment to render operating the school viable; (7) the extent to which the Charter Board's decision-making on applications for charter-school authorization is discretionary in nature; and (8) whether the Charter Board treated various deficiencies in Ben Gamla's application the same way that it treated similar deficiencies in past applications.

9. **ESTIMATED TRIAL TIME**:

**Plaintiffs' position:** Given that Plaintiffs' motion for preliminary injunction is pending, the scope of this case may change substantially and therefore impact the amount of time necessary for trial. Plaintiffs thus reserve all rights.

**Kaiman Intervenors' position:** Kaiman Intervenors believe that trial may take up to four days if the case is not resolved on summary judgment.

**Oklahoma Intervenors' position:** If this case proceeds to trial, it could take up to four days.

10. **BIFURCATION REQUESTED**: ☐ Yes ☑ No

If the Court concludes that discovery is necessary to determine standing, Plaintiffs request bifurcation limiting discovery to that issue alone.

Kaiman Intervenors believe that such bifurcation would be highly inefficient, as they believe that the same individuals and documents will very likely have information relevant to both standing and the merits, and that it may be difficult to distinguish what is relevant to standing from what is relevant to the merits in any event.

11. **POSSIBILITY OF SETTLEMENT**:    ☐ Good    ☐ Fair    ☑ Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

A.    **Compliance with LCvR 16.1(a)(1) - ADR discussion:** ☑ Yes   ☐ No

B.    **The parties request that this case be referred to the following ADR process:**

☐ Court-Ordered Mediation subject to LCvR 16.3
☐ Judicial Settlement Conference
☐ Other _____
☑ None - the parties do not request ADR at this time.

9

13.      <u>Parties consent to trial by Magistrate Judge?</u>  ☐ Yes  ☑ No

14.      <u>Type of Scheduling Order Requested.</u> ☑ Standard - ☐ Specialized  (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

Submitted this 14th day of July, 2026.

| | |
|---|---|
| Robert G. McCampbell | /s/ Daniel L. Chen |
|    OBA No. 10390 | Daniel L. Chen* |
| David A. Herber |    DC Bar No. 1781783 |
|    OBA No. 33527 | Eric S. Baxter* |
| GABLEGOTWALS |    DC Bar No. 479221 |
| 499 W. Sheridan Ave., Suite 2200 | Eric C. Rassbach* |
| Oklahoma City, OK 73102 |    TX Bar No. 24013375 |
| (405) 235-5500 | Benjamin A. Fleshman |
| RMcCampbell@Gablelaw.com |    DC Bar No. 1781280 |
| DHerber@Gablelaw.com | Phillip J. Allevato*† |
| |    CA Bar No. 362581 |
| | Siena A. Marcelle* |
| |    DC Bar No. 90043763 |
| | THE BECKET FUND FOR |
| | RELIGIOUS LIBERTY |
| | 1919 Pennsylvania Ave. NW, Ste. 400 |
| | Washington, DC 20006 |
| | (202) 955-0095 |
| | dchen@becketfund.org |

*Admitted *pro hac vice.*

†*Not a member of the DC Bar; admitted in California. Practice limited to cases in federal court.*

*Attorneys for Plaintiffs*

Brent Rowland, OBA No. 13415
Morgan Bandy, WI Bar No. 1130673*
Oklahoma Appleseed Center for
    Law & Justice
624 S. Denver Ave., Suite 400
Tulsa, OK 74119
Telephone: (918) 519-5750
brent@okappleseed.org /
morgan@okappleseed.org

Daniel Mach, DC Bar No. 461652*
Heather L. Weaver, DC Bar No. 495582*
American Civil Liberties Union
    Foundation
915 15th Street, NW, Suite 600
Washington, DC 20005
Telephone: (202) 675-2330
dmach@aclu.org / hweaver@aclu.org

Nancy A. Noet, WI Bar No. 1023106*
Samuel T. Grover, WI Bar No. 1096047*
Freedom From Religion Foundation
PO Box 750
Madison, WI 53701
Telephone: (608) 256-8900
noetn@ffrf.org / sgrover@ffrf.org

/s/ Alex J. Luchenitser
(signed by Filing Attorney, /s/ Daniel L.
Chen, with Mr. Luchenitser's
permission)
Alex J. Luchenitser,
DC Bar No. 473393*
Luke Anderson, DC Bar No. 90042004*
Americans United for Separation of
    Church and State
1310 L Street NW, Suite 200
Washington, DC 20005
Telephone: (202) 466-7306 /
(202) 898-2134
luchenitser@au.org / anderson@au.org

Jessica Levin, CA Bar No. 338240*
Wendy Lecker, NY Bar No. 2283125*
Patrick Cremin, CA Bar No. 345406*
Katrina Reichert, CA Bar No. 357984*
Education Law Center
60 Park Place, Suite 300
Newark, NJ 07102
Telephone: (973) 624-1815
JLevin@edlawcenter.org /
WLecker@edlawcenter.org /
PCremin@edlawcenter.org /
KReichert@edlawcenter.org

*Attorneys for Intervenors Rabbi Daniel Kaiman, et al.*
*Admitted pro hac vice.*

11

/s/ Heidi J. Long
(signed by Filing Attorney, /s/ Daniel L. Chen, with Ms. Long's permission)
Heather Hendricks, OBA #20996
Heidi J. Long, OBA #17667
Ryan Leonard, OBA #19155
LEONARD, LONG & CASSIL, PLLC
6301 N. Western, Suite 250
Oklahoma City, OK 73118
(405) 702-9900
hhendricks@llc-attorneys.com
hlong@llc-attorneys.com
rleonard@llc-attorneys.com

*Attorneys for Intervenors Cricket Moore, et al. (Oklahoma Family Intervenors)*

12