**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| THE NATIONAL BEN GAMLA JEWISH CHARTER SCHOOL FOUNDATION, INC., *et al.*, | |
| *Plaintiffs*, | |
| v. | Case No. 5:26-cv-00582-R |
| BRIAN T. SHELLEM, in his official capacity as Chairman of the Statewide Charter School Board, *et al.*, | |
| *Defendants*; | |
| RABBI DANIEL KAIMAN, *et al.*, | |
| *Defendant-Intervenors*; | |
| CRICKET MOORE, *et al.*, | |
| *Defendant-Intervenors*. | |

## <u>OKLAHOMA STATEWIDE CHARTER SCHOOL BOARD DEFENDANTS' MOTION TO STAY DISCOVERY</u>

Oklahoma Statewide Charter School Board Defendants respectfully move this

Court to temporarily stay all discovery in this matter pending resolution—including any

appeal—of Plaintiffs' Motion for Preliminary Injunction. ECF Nos. 10, 11. Defendant-

Intervenors Oklahoma Taxpayers served discovery requests on Plaintiffs and Board

Defendants, including requests for production, interrogatories, and a non-party

subpoena. The discovery they seek is unnecessary for resolution of the threshold legal

question in this case: whether the Oklahoma Charter Schools Act's religious prohibition

violates the Free Exercise Clause or Equal Protection Clause. *See* ECF No. 1. This Court should exercise its discretion and temporarily stay all discovery pending final, appellate disposition of Plaintiffs' Motion for Preliminary Injunction.

## BACKGROUND

Earlier this year, Plaintiffs applied for authorization of a Jewish charter school from the Oklahoma Statewide Charter School Board. ECF No. 1. The Board, bound by the Oklahoma Supreme Court's decision in *Drummond v. Oklahoma Statewide Virtual Charter School*, denied Plaintiffs' revised application solely because of the Oklahoma Charter Schools Act's religious prohibition. ECF No. 1-6; *see also* 558 P.3d 1 (Okla. 2024), Okla. Stat. tit. 70, § 3-136(A)(2).

Plaintiffs filed a complaint alleging that the Act's religious prohibition, Okla. Stat. tit. 70, § 3-136(A)(2), violates the Free Exercise and Equal Protection Clauses of the First Amendment to the United States Constitution and named the Oklahoma Statewide Charter School Board Members as Defendants.[1] ECF No. 1. Plaintiffs followed the Complaint with a Motion for Preliminary Injunction, seeking to enjoin the Board from enforcing the Act's religious prohibition. ECF Nos. 10, 11. Board Defendants responded to Plaintiffs' motion, conceding that Plaintiffs are likely to succeed on the merits. ECF No. 63.

The Court subsequently permitted two sets of intervenors: Oklahoma Taxpayers and Oklahoma Families. ECF No. 89. Oklahoma Taxpayers are currently the sole party

---

[1] Attorney General Drummond was also named as a Defendant, but he was later dismissed. ECF No. 90.

seeking discovery—serving interrogatories and requests for production on the Plaintiffs and interrogatories, requests for production, and a non-party subpoena on the Board. ECF No. 107.

The Motion for Preliminary Injunction is fully briefed and set for oral argument on August 5, 2026.  ECF No. 106.

**ARGUMENT**

District courts possess broad discretion to stay proceedings as part of their power to control their own dockets with economy of time and effort for the court, counsel, and litigants.  *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  This inherent authority requires courts to exercise balanced judgment, weighing competing interests.  *See Landis*, 299 U.S. at 254–55.  Courts may also issue a stay pursuant to Federal Rule of Civil Procedure 26(c), which permits limiting discovery for good cause to protect a party from undue burden or expense. Such decisions rest firmly within the discretion of the district court.  *See Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 674 (10th Cir. 2002) (reviewing discovery rulings for abuse of discretion).

When determining whether a discovery stay is appropriate, courts may consider: (1) the interests of the non-movant in obtaining discovery expeditiously and prejudice of a delay; (2) the burden on the movant of continuing discovery; (3) judicial convenience; (4) nonparty interests in staying discovery; and (5) the public interest. *Mfrs. All. Ins. Co. v. Baker*, No. CIV-23-1007-SLP, 2024 WL 4112782, at *1 (W.D. Okla. Sept. 6, 2024). And unlike when contemplating the stay of an entire proceeding

(as opposed to temporarily staying discovery), movants do not need to show hardship in being required to go forward. *See In re Church of Jesus Christ of Latter-Day Saints Tithing Litig.*, No. 2:24-md-03102-RJS-DAO, 2024 WL 4349160, at *2 n.23 (D. Utah Sept. 30, 2024) (discussing Tenth Circuit standards for staying discovery).

A stay is proper here for four reasons: (1) allowing discovery before the resolution of legal questions presented in the Motion for Preliminary Injunction unnecessarily drives up litigation costs for all parties; (2) Oklahoma Taxpayers seek discovery that is irrelevant to the legal question at issue in this case; (3) Oklahoma Taxpayers have other means available for the information they seek; and (4) Counsel for Oklahoma Taxpayers agreed to a similar stay in a previous case concerning a religious charter school pending resolution of the threshold constitutional question.

*First,* allowing discovery before resolution of the legal question presented in the Motion for Preliminary Injunction unnecessarily drives up litigation costs for all parties. In a civil rights lawsuit, a prevailing party may seek an award of reasonable attorneys' fees and costs. 42 U.S.C. § 1988. Plaintiffs pray for this relief in their Complaint. Prayer, ECF No. 1 (requesting the Court award Plaintiffs' reasonable attorneys' fees and costs). Through their Answer and Response to Plaintiffs' Motion for Preliminary Injunction, Board Defendants state their belief that denying Ben Gamla's revised application—as *Drummond v. Oklahoma Statewide Virtual Charter School Board* and the Act's religious prohibition require—violated the United States Constitution. *See* 558 P.3d 1; Okla. Stat. tit. 70, § 3-136(A)(2). By doing so, the taxpayer-funded Board Defendants are mitigating any potential fee liability. *See* ECF No. 59 (stating that

4

Board Defendants do not oppose Plaintiffs request for relief but opposing Plaintiffs prayer for attorneys' fees and costs).

But Oklahoma Taxpayers (whose very basis for standing is premised on the prudence of taxpayer expenditures) initiated discovery and opened the floodgates of attorneys' fees and costs. And should Plaintiffs prevail, they will likely seek recovery of those heightened fees from Board Defendants—the government party required to deny Ben Gamla's revised application. In reality, this would leave the Oklahoma taxpayers (the broader public) financially responsible for Oklahoma Taxpayers' (Defendant-Intervenors) unnecessary and premature inflation of litigation costs. *See In re Church of Jesus Christ of Latter-Day Saints Tithing Litig.*, 2024 WL 4349160, at *3–4 (temporarily staying discovery where the "cost and time Defendants commit to their discovery responses will be significant," "the First Amendment issues underlying the case will generate numerous, legitimate discovery disputes," and where "avoiding potentially wasteful efforts by the court and the litigants serves" the "public's primary interest in . . . an efficient and just resolution" (citation modified)).

***Second,*** Oklahoma Taxpayers seek discovery that is irrelevant to the legal question in this case. Board Defendants do not dispute that they denied Ben Gamla's revised application due to its religious character, as the Act's religious prohibition requires. ECF No. 1, ¶ 104; ECF No. 59, ¶ 104. The question Plaintiffs raise is solely one of law—whether that prohibition violates the United States Constitution.

But Oklahoma Taxpayers seek fact discovery on a litany of issues that offer no assistance in resolving that threshold legal question. The interrogatories and requests

for production aim primarily at other issues surrounding statutory compliance—employment policies, service of students with disabilities, educational management organizations, board member composition, and funding (among many others).

It is true that the Oklahoma Statutes and Oklahoma Administrative Code contain a set of requirements that charter school applicants must meet. *See generally* Okla. Stat. tit. 70, § 3-134; Okla. Admin. Code § 777:10-3-3. Those requirements are irrelevant. Board Defendants admitted to denying Ben Gamla's revised application due to its religious character. ECF No. 59, ¶ 104. The Board Chairman stated under oath that Ben Gamla's only inadequacy was its religious character. ECF No. 63-1 at 99 (Decl. of Brian Thomas Shellem, Br. in Opp'n to Pet. for Writ of Mandamus at ¶ 15, *Drummond v. Oklahoma Statewide Charter School Board*, No. CV-2026-649 (Okla. Cnty. Dist. Ct. Apr. 2, 2026)). And the Board's Executive Director, who holds a doctorate in Education Leadership and served in her role for eleven years, agreed, under oath, that the Act's religious prohibition was the reason for Ben Gamla's denial. ECF No. 63-1 at 103, 107 (Decl. of Rebecca Lee Wilkinson, Ed. D., Br. in Opp'n to Pet. for Writ of Mandamus at ¶ 32, *Drummond v. Oklahoma Statewide Charter School Board*, No. CV-2026-649 (Okla. Cnty. Dist. Ct. Apr. 2, 2026)). She added that, in her experience, exact regulatory compliance—such as exact board member composition—often occurs after the school develops further or begins enrolling students. *Id.* at 106–07) (Wilkinson Decl. at ¶¶ 26–28).

But that further development can never occur. So long as Ben Gamla retains its religious character, its revised application must be denied. Regardless of whether Ben

6

Gamla met every other requirement of Oklahoma law governing charter school applicants, the question of whether the Act's religious prohibition violates the United States Constitution remains. That is the exact question the Complaint asks, and it would be improper to allow Oklahoma Taxpayers, as intervenors, to broaden the scope of this case. *See Vinson v. Washington Gas Light Co.*, 321 U.S. 489, 498 (1944) ("[A]n intervenor is admitted to the proceeding as it stands, and in respect of the pending issues, but is not permitted to enlarge those issues[.]").

Rather, the proper place to adjudicate the issues Oklahoma Taxpayers raise— Ben Gamla's compliance with state statutory and regulatory requirements for charter school applicants—is state court. In fact, a lawsuit exists in state court concerning whether Ben Gamla's revised application warranted denial for reasons beyond its religious character.[2] *See United States v. Venjohn*, 104 F.4th 179, 190 (10th Cir. 2024) ("It is a foundational pillar of our federalist judicial system that we show state courts a healthy respect for their judgments on state law, and they us for judgments on federal law."). Instead, Oklahoma Taxpayers intervened in this lawsuit, and they must take the litigation as they find it. *See W. Refin. Sw., Inc. v. U.S. Dep't of the Interior*, No. 16-442 JH/GBW, 2016 WL 9447761, at *5 (D.N.M. Nov. 29, 2016) ("[A]n intervenor may argue only the issues raised by the principal parties and may not enlarge those issues.").

---

[2] In that lawsuit, the Board asserts, consistent with its position here, that Ben Gamla's religious character was the sole reason for its denial. *See* ECF No. 63-1 at 81 (Br. in Opp'n to Pet. for Writ of Mandamus at 7, *Drummond v. Oklahoma Statewide Charter School Board*, No. CV-2026-649 (Okla. Cnty. Dist. Ct. Apr. 2, 2026)).

***Third,*** Oklahoma Taxpayers have other means available for the information they seek. All information needed to litigate the threshold legal issue in this case is available online, including Board meeting minutes and videos. *See* SCSB Board Meetings, https://oklahoma.gov/scsb/about-us/board-meetings.html#accordion-ae8c7b3cc2-item-9b6e9598d0 (last visited July 22, 2026) (linking Board meeting minutes from 2024 to present); Oklahoma Statewide Charter School Board, YouTube, https://www.youtube.com/@okscsb/streams (last visited July 22, 2026) (linking Board meeting videos from 2025 to present). Ben Gamla's application and revised application are available in the record of this case. ECF Nos. 1, 11, 63. The Board Chairman and Executive Director submitted sworn, factual attestations regarding the reason for Ben Gamla's denial to a state court. ECF No. 63-1 at 99 (Shellem Decl.), 107 (Wilkinson Decl.). Statutory and regulatory requirements—including the requirements for charter school applicants and general functions and procedures of the Board—are accessible on the Oklahoma State Courts Network or Oklahoma Statewide Charter School Board websites. OSCN, https://www.oscn.net/home/ (last visited July 22, 2026); Oklahoma Statewide Charter School Board, https://oklahoma.gov/scsb.html (last visited July 22, 2026).

***Fourth,*** Counsel for Oklahoma Taxpayers agreed to a similar stay in a previous case concerning a religious charter school pending resolution of the threshold constitutional question. In 2023, the Board approved St. Isidore of Seville Catholic Virtual School's charter school application. *Drummond*, 558 P.3d at 6–7. Shortly after, a group of Oklahoma taxpayers sued, alleging St. Isidore violated several statutory and

8

regulatory requirements, including non-discrimination requirements, laws governing education of students with disabilities, and the religious prohibition. First Am. and Suppl. Pet., *OKPLAC, INC. v. Statewide Virtual Charter School Board*, No. CV-2023-1857 (Okla. Cnty. Dist. Ct. Jan. 31, 2024). While that case was pending in Oklahoma County District Court, Oklahoma Attorney General Gentner Drummond filed an original jurisdiction action at the Oklahoma Supreme Court concerning only whether the Act's religious prohibition required the Board to deny St. Isidore's application. *Drummond*, 558 P.3d at 7. Ultimately, all Counsel for parties in the district court case agreed to—and the Court ordered—a stay of that litigation pending review of the constitutional questions in *Drummond.* Agreed Order to Stay Litig., *OKPLAC, INC. v. Statewide Virtual Charter School Board*, No. CV-2023-1857 (Okla. Cnty. Dist. Ct. Jun. 27, 2024); Agreed Order Extending Stay of Litig., *OKPLAC, INC. v. Statewide Virtual Charter School Board*, No. CV-2023-1857 (Okla. Cnty. Dist. Ct. Feb. 20, 2025). This agreement was premised upon St. Isidore's agreement not to open as a charter school in the coming year. *Id.*

But here, despite the circumstances—and Counsel—being nearly identical, Counsel for Oklahoma Taxpayers resists such a stay. The plaintiffs in Oklahoma County District Court raised many of the same issues Oklahoma Taxpayers seek discovery for here.[3] And much like St. Isidore (who agreed not to operate as a school),

---

[3] This is unsurprising given the overlap of legal issues, counsel, and named parties. Defendant-Intervenor Michele Medley was a Plaintiff in the Oklahoma County District Court case. First Am. and Suppl. Pet. at ¶ 14, *OKPLAC, INC. v. Statewide Virtual Charter School Board*, No. CV-2023-1857 (Okla. Cnty. Dist. Ct. Jan. 31, 2024). The

Ben Gamla will not operate as a charter school while this litigation proceeds.  It cannot; its revised application was denied.

CONCLUSION

Board Defendants respectfully request that this Court stay all discovery in this matter pending resolution—including any appeal—of Plaintiffs' Motion for Preliminary Injunction.

---

Oklahoma Statewide Virtual Charter School Board was a Defendant in the Oklahoma County District Court case.  First Am. and Suppl. Pet. at ¶ 20, *OKPLAC, INC. v. Statewide Virtual Charter School Board*, No. CV-2023-1857 (Okla. Cnty. Dist. Ct. Jan. 31, 2024).

Respectfully submitted this 24th day of July, 2026.

/s/ Anthony J. Ferate
Anthony J. Ferate, OBA No. 21171
SPENCER FANE LLP
9400 North Broadway Extension, Suite 600
Oklahoma City, Oklahoma 73114
(405) 844-9900
ajferate@spencerfane.com

Hiram S. Sasser, III, OBA No. 19557
Holly M. Randall,* OBA No. 34763
Erin E. Smith,* OBA No. 35232
FIRST LIBERTY INSTITUTE
2001 W. Plano Parkway, Suite 1600
Plano, Texas 75075
(972) 941-4444
hsasser@firstliberty.org
hrandall@firstliberty.org
esmith@firstliberty.org
*Admitted pro hac vice

**Attorneys for Oklahoma Statewide Charter School Board Defendants**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 24th day of July, 2026, I electronically submitted this document to the Clerk of Court via the ECF to be served on counsel for Plaintiffs, Defendants, and Defendant-Intervenors.

*/s/ Anthony J. Ferate*

Anthony J. Ferate, OBA No. 21171
SPENCER FANE LLP
9400 North Broadway Extension, Suite 600
Oklahoma City, Oklahoma 73114
(405) 844-9900
ajferate@spencerfane.com