# Exhibit 5

Subpoena for Production of Documents to the Oklahoma Statewide Charter School Board and its Executive Director, Dr. Rebecca Wilkinson, served on July 6, 2026.

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the .
### Western District of Oklahoma

| | |
|---|---|
| The National Ben Gamla Jewish Charter School | ) |
| Foundation, Inc., et al.,     *Plaintiff* | ) |
| v. | )    Civil Action No.  5:26-cv-00582-R |
| Brian T. Shellem, in his official capacity as Chairman of the Oklahoma Statewide Charter School Board, | ) |
| et al.,          *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    Oklahoma Statewide Charter School Board; Dr. Rebecca Wilkinson, in her official capacity as Executive Director of the Oklahoma Statewide Charter School Board

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see attachment.

| Place: Electronically to luchenitser@au.org; or on electronic media at Spencer Fane LLP, 9400 North Broadway Extension, Suite 600, Oklahoma City, Oklahoma 73114. | Date and Time: <br><br> 07/26/2026 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    06/25/2026

CLERK OF COURT

_____          OR          _____
*Signature of Clerk or Deputy Clerk*                                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Intervenors Rabbi Daniel Kaiman, et al. _____ , who issues or requests this subpoena, are:

Alex J. Luchenitser, 1310 L St. NW, Suite 200, Washington, DC 20005, 202-466-7306, luchenitser@au.org.

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**AFFIDAVIT OF SERVICE**

| Case:<br>5:26-cv-00582-R | Court:<br>United States District Court for the Western District of Oklahoma | County: | Job:<br>16282686 |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>The National Ben Gamla Jewish Charter School Foundation, Inc., et al. | | **Defendant / Respondent:**<br>Brian T. Shellem, in his official capacity as Chairman of the Oklahoma Statewide Charter School Board, et al. | |
| **Received by:**<br>Hidden Truth Investigations | | **For:**<br>Oklahoma Appleseed | |
| **To be served upon:**<br>Dr. Rebecca Wilkinson - Oklahoma Statewide Charter School Board | | | |

I, Kelly Goldstein, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Emily Whitmer, Authorized: 2501 NORTH LINCOLN BOULEVARD, OKLAHOMA CITY, OK 73105

**Manner of Service:**   Authorized, Jul 6, 2026, 9:50 am CDT

**Documents:**   SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

**Additional Comments:**
1) Unsuccessful Attempt: Jul 2, 2026, 3:55 pm CDT at Government Agency: 2501 NORTH LINCOLN BOULEVARD, OKLAHOMA CITY, OK 73105
I spoke with the front desk of the building when I walked in and he told me I would need to call to see if someone was available and he wasn't sure if they were in the building or not, he gave me a list of numbers, and the Oklahoma statewide charter School board was inside the building, however no one was answering the phone. The front desk advised me that that they had probably left for the day and would be closed tomorrow.

2) Successful Attempt: Jul 6, 2026, 9:50 am CDT at Government Agency: 2501 NORTH LINCOLN BOULEVARD, OKLAHOMA CITY, OK 73105 received by Emily Whitmer. Age: 27; Ethnicity: Caucasian; Gender: Female; Weight: 125; Height: 5'7"; Hair: Red; Other: Legal compliance officer;

_____          07/06/2026

Kelly Goldstein                                         **Date**
PPS-2024-19

Hidden Truth Investigations
201 Nelson Park Place
Moore, OK 73160
405-219-0599

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

--------------------------------------------------------   :

THE NATIONAL BEN GAMLA JEWISH   :
CHARTER SCHOOL FOUNDATION, INC.,   :   Case No. 5:26-cv-00582-R
et al.,   :
:
*Plaintiffs*,   :
:
-against-   :
:
BRIAN T. SHELLEM, in his official capacity   :
as Chairman of the Statewide Charter School   :
Board, et al.,   :
:
*Defendants*,   :
:
--------------------------------------------------------   :
:
RABBI DANIEL KAIMAN, et al.,   :
:
*Intervenors*.   :
:
--------------------------------------------------------   :
:
CRICKET MOORE, et al.,   :
:
*Intervenors*.   :
:
--------------------------------------------------------   :

**ATTACHMENT TO SUBPOENA FOR PRODUCTION OF DOCUMENTS TO**
**THE OKLAHOMA STATEWIDE CHARTER SCHOOL BOARD AND ITS**
**EXECUTIVE DIRECTOR, DR. REBECCA WILKINSON**

Pursuant to Federal Rule of Civil Procedure 45, intervenors Rabbi Daniel Kaiman,

Bradley Archer, Erika DuBose, Sydney Gebhardt, Kara Joy McKee, Michele Medley,

and Gene Perry submit this attachment to subpoena to produce documents to the

Oklahoma Statewide Charter School Board and its Executive Director, Dr. Rebecca

Wilkinson, in her official capacity.

1

## Definitions and Instructions

1.  As used herein, please interpret the following **bold-faced** terms in accordance with the following definitions:

a.  **Communication**:  The term "**communication**" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and includes email.

b.  **Document**:  The term "**document**" has the meaning set forth in Federal Rule of Civil Procedure 34(a)(1)(A) and includes electronically stored information.

c.  **Relating to**: The term "**relating to**" means relating to, referring to, reflecting, describing, being evidence of, constituting, memorializing, or concerning in any way.

d.  **Ben Gamla**: The term "**Ben Gamla**" includes The National Ben Gamla Jewish Charter School Foundation, Inc.; Ben Gamla Jewish Charter School; Ben Gamla Charter School Foundation, Inc.; and all board members, officials, employees, agents, attorneys, and representatives of the foregoing entities.

e.  **Charter Board**: The term "**Charter Board**" includes the Oklahoma Statewide Charter School Board; its predecessor the Oklahoma Statewide Virtual Charter School Board; and all board members, officials, employees, agents, attorneys, and representatives of the foregoing entities.

2

f.  **You** / **your**: The term "**you**" means the **Charter Board**.  The term "**your**" refers to all entities and persons encompassed within the definition of "**you**."

g.  **Including**: The term "**including**" means "including but not limited to."

2.  Please produce the **documents** requested herein by July 26, 2026, by emailing copies thereof or transmitting such copies through an internet file-sharing system to Kaiman Intervenors' counsel Alex J. Luchenitser (*luchenitser@au.org*) and Luke Anderson (*anderson@au.org*).  Alternatively, you may produce the **documents** by making them available by 9:00 a.m. on the same date on electronic media at the offices of Spencer Fane LLP, 9400 North Broadway Extension, Suite 600, Oklahoma City, Oklahoma 73114.

3.  Please produce all electronically stored information in PDF format.

4.  Please produce all responsive **documents** that are in **your** possession, custody, or control, including all responsive **documents** in the possession, custody, or control of any board member, official, employee, agent, attorney, or representative of the **Charter Board**, as well as any responsive **communications** that were sent to or from the personal email accounts or other personal accounts or devices of any board member.

5.  If **you** withhold any **documents** responsive to this subpoena based on a claim of privilege (including a claim of protection under the attorney-work-product doctrine), please produce a privilege log containing at least the following information about each **document** so withheld: (a) the type of **document**; (b) its title, if any; (c) its subject

3

matter; (d) its date; (e) its author(s) and preparer(s); (f) its addressee(s) and recipient(s); and (g) the nature of the privilege claimed.

6.  If a **document** responsive to this subpoena contains both privileged and nonprivileged material, please produce the nonprivileged portions to the fullest extent possible without disclosing the privileged material.

### Document Requests

1.  All **communications** to or from **Ben Gamla** or Peter Deutsch that were made after October 1, 2022.

2.  All **communications relating to Ben Gamla** sent to, from, or within the **Charter Board**, **including** all external and internal **communications** sent to or from any of the **Charter Board's** members, officials, employees, agents, attorneys, or representatives.

3.  All **documents**—**including** staff reports—analyzing or evaluating applications for charter authorization submitted by **Ben Gamla**, addenda to such applications, or letters of intent to submit such applications.

4.  All other **documents relating to Ben Gamla**.

5.  All **documents** (not including documents that are available on the **Charter Board**'s website) constituting or containing **Charter Board** policies or procedures.

6.  All letters and other **documents** sent by the **Charter Board** after January 1, 2022, to applicants for initial authorization of a charter school that set forth the reasons for an initial or a final denial of an application.

7.  All minutes of meetings of the Oklahoma Statewide Virtual Charter School Board that occurred between January 1, 2022, and June 30, 2024.

Date: June 25, 2026.

Brent Rowland, OBA No. 13415
Morgan Bandy, WI Bar No. 1130673*
Oklahoma Appleseed Center for
    Law & Justice
624 S. Denver Ave., Suite 400
Tulsa, OK 74119
Telephone: (918) 519-5750
brent@okappleseed.org /
morgan@okappleseed.org

Daniel Mach, DC Bar No. 461652*
Heather L. Weaver, DC Bar No. 495582*
American Civil Liberties Union
    Foundation
915 15th Street, NW, Suite 600
Washington, DC 20005
Telephone: (202) 675-2330
dmach@aclu.org / hweaver@aclu.org

Nancy A. Noet, WI Bar No. 1023106*
Samuel T. Grover, WI Bar No. 1096047*
Freedom From Religion Foundation
PO Box 750
Madison, WI 53701
Telephone: (608) 256-8900
noetn@ffrf.org / sgrover@ffrf.org

Alex J. Luchenitser,
DC Bar No. 473393*
Luke Anderson, DC Bar No. 90042004*
Americans United for Separation of
    Church and State
1310 L Street NW, Suite 200
Washington, DC 20005
Telephone: (202) 466-7306 /
(202) 898-2134
luchenitser@au.org / anderson@au.org

Jessica Levin, CA Bar No. 338240*
Wendy Lecker, NY Bar No. 2283125*
Patrick Cremin, CA Bar No. 345406*
Katrina Reichert, CA Bar No. 357984*
Education Law Center
60 Park Place, Suite 300
Newark, NJ 07102
Telephone: (973) 624-1815
JLevin@edlawcenter.org /
WLecker@edlawcenter.org /
PCremin@edlawcenter.org /
KReichert@edlawcenter.org

*Attorneys for Intervenors Rabbi Daniel Kaiman, et al.*
*Admitted pro hac vice.*

6